**LUTHERAN HOSPITAL OF FORT WAYNE, INC. (Patient: Michael R. Campbell), Appellant,**

v.

**STATE of Indiana, DEPARTMENT OF PUBLIC WELFARE, and Noble County Department of Public Welfare, Appellees.**

No. 76S03–9105–CV–371.

Supreme Court of Indiana.

May 17, 1991.

James A. Federoff, Thomas J. Galanis, Beckman, Lawson, Sandler Snyder & Federoff, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Patricia K. Slater, Deputy Atty. Gen., Indianapolis, for appellees.

ON PETITION TO TRANSFER

KRAHULIK, Justice.

Lutheran Hospital of Fort Wayne, Inc., ("the Hospital") seeks transfer to this Court after the Court of Appeals affirmed the trial court's denial of payments under the Hospital Care for the Indigent Act (HCI), Ind.Code § 12-5-6-1 *et seq.* 542 N.E.2d 242. We have restated the issues raised by the Hospital as follows:

(1) Whether the patient was eligible for benefits under HCI; and

(2) If eligible, for how long.

The facts and procedural history of this case are as set out in the memorandum decision of the Court of Appeals. On August 16, 1986, Michael R. Campbell ("Campbell") was transferred from the Noble County Jail to the Hospital under what the parties agreed was a 72-hour emergency admittance (pursuant to Ind.Code § 16-14-9.1-7) because Campbell had attempted to commit suicide twice in the previous two days. While in the Hospital, Dr. J.D. Patel and Dr. Thomas Felger examined Campbell; their findings were summarized in two history and physical examination reports and a discharge summary report. Campbell was discharged 20 days later on September 5, 1986. The Hospital subsequently filed for benefits under HCI.

Noble County denied the Hospital's request for HCI benefits because the county determined that HCI did "not cover mental health problems." The Hospital appealed that decision. The administrative law judge concluded that "the patient is not eligible for HCI benefits for the reason that his medical condition did not meet any of the criteria established pursuant to Ind. Code § 12-5-6-2.1 as amended by P.L. 16, 1986." The administrative law judge recommended that "the Indiana Department

of Public Welfare determine that the Noble County Department of Public Welfare is not responsible for payment of the cost of hospital care furnished by Lutheran Hospital to Michael Campbell."

On May 26, 1987, following the recommendation of the administrative law judge, the State Board of Public Welfare denied HCI benefits. The Hospital appealed this decision to the Steuben Circuit Court which found that determinations of the hearing officer and the Indiana State Board of Public Welfare were "not arbitrary, capricious, an abus[e] [of] discretion or otherwise not in accordance with law," and affirmed the decision of the administrative law judge.

The Hospital appealed to the Court of Appeals which concluded that, because Campbell was an inmate of the Noble County Jail at the time he was transferred to the Hospital under the 72–hour detention, benefits were not available under HCI. We disagree with this conclusion.

Our standard of review for the alleged wrongful denial of benefits by agency action is whether such action is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law. Ind. Code § 4–22–1–18(1), (now Ind.Code § 4–21.5–5–14). We do not reweigh the evidence presented to an administrative agency, but if the agency's findings lack the support of substantial evidence or the agency's order is contrary to law, we shall reverse.

### I. *Eligibility For HCI Benefits*

The Hospital asserts that the evidence does not support the trial court's finding that Campbell's condition lacked the degree of severity to qualify for HCI benefits. The Hospital also asserts that the evidence does not support the conclusion of the Court of Appeals that HCI did not apply because Campbell was an inmate of the Indiana Department of Corrections at the time of his admission to the Hospital. We conclude that the Hospital is correct and that the medical and non-medical eligibility requirements at issue here were met.

The HCI program provides benefits for poor people who, without immediate medical attention, would suffer serious consequences. The program specifies the medical criteria necessary to qualify for benefits:

A resident of Indiana who meets the income and resource standards established by the state department of public welfare under subsection (c) is eligible for assistance to pay for any part of the cost of care provided in a hospital in Indiana that was necessitated after the onset of a *medical condition that manifested itself by symptoms of sufficient severity that the absence of immediate medical attention would probably result in:*

(1) *placing the person's life in jeopardy;*

(2) *serious impairment to bodily functions; or*

(3) *serious dysfunction of any bodily organ or part.*

In addition, a qualified resident is eligible for assistance to pay for any part of the cost of care that is a direct consequence of the medical condition *that necessitated the emergency care.*

Ind.Code § 12–5–6–2.1(a) (Emphasis added). This statute became effective July 1, 1986, the month prior to Campbell's admission. The HCI program is now administered and funded by the Indiana Department of Public Welfare. However, for admissions prior to January 1, 1987, like Campbell's, the county welfare departments are responsible for paying any HCI benefits. Ind. Code § 12–5–6–19.

In its brief filed in the Court of Appeals, the State concedes [1] that Campbell meets the medical criteria necessary to qualify for benefits under the act because he was admitted under a 72–hour detention order. We think it is clear, as the State points out, that the statute relates to emergency care, not preventative care, and that attempted

---

1. The other defendants, the Department of Public Welfare and the Noble County Department of Public Welfare, did not file briefs. This does

not mean, as asserted by the Hospital, however, that those parties have conceded that the Hospital's position is correct.

suicide meets the definition of emergency care under HCI.

Here, the State recognizes in its brief that a court-ordered 72–hour detention is a situation where the medical eligibility requirements of HCI are met. We agree. Here, within two days of the admission, Campbell made two serious attempts at suicide and threatened to do so again. Those around him were concerned that he might be successful the next time. We think this appears to be "placing the person's life in jeopardy" and, therefore, meets the emergency medical situation contemplated by HCI. We find nothing in the words of the statute or the purpose behind it to suggest that only those emergencies with respect to a person's physical health were contemplated and that it was intended to exclude medical emergencies with respect to a person's mental health. We, therefore, conclude that when a patient is admitted to a hospital pursuant to a 72–hour detention order, the patient's mental condition, even in the absence of a physical illness, can qualify for benefits under HCI.

■ We also conclude Campbell meets the disputed non-medical qualification under the act. The Court of Appeals concluded that because Campbell was an inmate of Noble County jail at the time he was admitted to the Hospital, he did not meet the non-medical eligibility requirements. The Court of Appeals pointed to subsection (e) as the source for this conclusion. That subsection provides: "This chapter does not apply to inmates and patients of institutions of the department of correction, the state board of health, or the department of mental health." Ind.Code § 12–5–6–2.1(e). We presume that the basis for the Court of Appeals' conclusion was its equating Campbell's status as an inmate of Noble County jail with the status of being an inmate of the Indiana Department of Corrections. There is no evidence in the record that Campbell was an inmate of the Department of Corrections or that he was a patient under the care of the State Board of Health or the Department of Mental Health. Thus, there is nothing in the record to support the conclusion that Campbell comes within any of the individuals excluded from the act in subsection (e). Thus, Campbell's status as an inmate of the county jail does not preclude applicability of HCI to him.

Ind.Code § 36–2–2–24 provides that the county executive, in this case the county commissioners, "shall establish and maintain ... a county jail...." The sheriff assumes responsibility for the county jail and its prisoners. Ind.Code § 36–2–13–5(a)(7). Persons become inmates at the Department of Corrections only after conviction. Ind.Code § 11–8–2–7(a) and Ind.Code § 11–8–1–9. In addition, Department of Corrections institutions often have medical facilities on their premises and physicians on staff. By contrast, some inmates of county jails have not been convicted of any crime, e.g., if they have been charged with a crime but are unable to raise bail. We think the statute is clear that inmates at the county jail are not necessarily inmates at the Department of Corrections. Therefore, we conclude that Campbell met this portion of the non-medical requirements for benefits under the act.

The State, however, correctly points out that whether Campbell met the requisite financial eligibility requirement of the act was not determined by the administrative law judge. For that reason this case must be remanded for a determination as to whether Campbell meets this financial eligibility requirement.

## II. *Amount of Benefits*

■ The Hospital claims it is entitled to payments under HCI for the entire 20–day stay. The State, on the other hand, argues that the Hospital is entitled only to expenses incurred during the 72–hour detention.

The Hospital's position is premised upon the section of HCI which provides that "a qualified resident is eligible for assistance to pay for any part of the cost of care that is a direct consequence of the medical condition that necessitated the emergency care." Ind.Code § 12–5–6–2.1(a). Thus, the Hospital maintains that HCI coverage is not terminated upon the lapse of a patient's medical condition. Instead, HCI permits coverage for all medical costs that are a direct consequence of an initial emer-

gency medical condition. The Hospital claims its position is further supported by Ind.Code § 12–5–6–12(b) which provides that HCI payments should conclude when the "patient is medically stable and can safely be discharged."

On the other hand, the State argues that once an HCI application is approved, benefits do not automatically continue until the patient is discharged; there is a limitation on the duration of services provided mandated by the legislature. Ind.Code § 12–5–6–12 provides:

> (a) The state department of public welfare shall, with the advice of its medical staff, the department of mental health, and other individuals selected by the administrator of the department, adopt rules under IC 4–22–2 to:
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> (2) establish limitations consistent with medical necessity on the duration of services to be provided;
>
> \*　　\*　　\*　　\*　　\*　　\*

To the extent possible, rules adopted under this section must be consistent with IC 12–1–7–15.7(b).

> (b) The rules adopted under subsection (a) must include rules that will deny payment for services provided to a patient after the patient is medically stable and can safely be discharged.

This statute was effective July 1, 1986. The regulation referred to in subsection (a) was subsequently promulgated by the state welfare department and provided:

> Financial assistance to eligible hospital patients shall be available, consistent with reasonable medical necessity, until such time as the patient is medically stable and can be safely discharged. Stable means the alleviation of the condition which prompted the hospitalization.

470 IAC 11.1–2–1(b), effective January 1, 1987.

Thus, even though a patient may remain hospitalized and may benefit from continued therapy or counselling, HCI reimbursement is no longer available if the patient is medically stable.

In addition, it is the Hospital's responsibility to fully document the patient's condition at the time of admission and throughout the course of the hospitalization so that the welfare department can determine the patient's eligibility for HCI benefits. Although the State concedes that a 72–hour detention is a situation in which HCI benefits should be provided for those who meet the non-medical eligibility requirements, the State argues that the Hospital has failed to meet its burden of establishing that Campbell was medically eligible for benefits beyond the 72–hour period. We agree.

The Hospital claims that Campbell's condition was sufficiently serious throughout his stay because Campbell remained hospitalized for 20 days. The Hospital notes that Ind.Code § 16–14–9.1–7(b)(2) provides that 72–hour detentions can be extended if there is "probable cause to believe the person is mentally ill and either dangerous or gravely disabled and requires continuing care and treatment."

However, that section also requires that before a detention can be extended, certain reports must be submitted and hearings held. There is nothing in the record before us to indicate that these required reports were prepared or that the hearings took place. We cannot conclude, on the basis of the record before us, that proof of Campbell's continued stay in the hospital, without more, is sufficient evidence that his condition continued to be medically unstable as required under HCI. This question must also be decided on remand.

### III. *Conclusion*

Accordingly, we now grant transfer and vacate the opinion of the Court of Appeals. Additionally, we reverse the judgment of the trial court, and order that the matter be remanded for a determination of whether Campbell met the financial eligibility requirements and whether his hospital stay in excess of 72 hours was medically necessary.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.