**INDIANA DEPARTMENT OF PUBLIC WELFARE, Appellant–Defendant,**

v.

**Hazen PAYNE, Appellee–Plaintiff.**

**No. 49A02–9105–CV–230.**

Court of Appeals of Indiana, Second District.

Aug. 31, 1992.

Linley E. Pearson, Atty. Gen. of Indiana and Wendy Stone Messer, Deputy Atty. Gen., Indianapolis, for appellant-defendant.

Scott R. Severns, Severns & Associates, Indianapolis, for appellee-plaintiff.

ON REHEARING

BUCHANAN, Judge.

In our original opinion, appearing as *Indiana Dept. of Pub. Welfare v. Payne* (1992), Ind.App., 592 N.E.2d 714, we affirmed the trial court's conclusion that the defendant-appellant Indiana Department of Public Welfare (the Department) was required to allow the plaintiff-appellee Hazen Payne (Payne) to spend down his excess resources to become eligible for Medicaid coverage of his medical expenses. The Department petitions for rehearing, claiming that we misconstrued the federal law on

---

the subject and that our opinion is inconsistent with the decision in *Morris v. Morrow* (4th Cir.1986), 783 F.2d 454. We address the Department's petition for the limited purpose of expanding upon our earlier discussion.

The Department argues that we misconstrued the effect of Indiana's election to provide medical assistance pursuant to the § 209(b) option. Indiana's § 209(b) election allows the Department to provide Medicaid benefits only to those individuals who would have been eligible for medical assistance under the plan in effect on January 1, 1972, *see* 42 U.S.C. § 1396a(f), rather than to all individuals receiving Supplemental Security Income (SSI) assistance. *See* 42 U.S.C. § 1381 *et seq.*

The Department says that because Indiana is a § 209(b) state, it cannot provide Medicaid coverage to individuals who would not also be eligible for Medicaid in an SSI state. The Department relies on the decision in *Morris* to support its claim that our interpretation of § 209(b) is inconsistent with federal law.

The court in *Morris* reasoned that because the purpose of the § 209(b) option was to protect states from the fiscal burden of the expanded eligibility requirements of SSI, § 209(b) states could use more restrictive criteria than SSI states but they could not use more liberal requirements than the SSI standards. This prohibition against more liberal standards was reflected in 42 C.F.R. § 435.121(c) [hereinafter referred to as the Federal Restriction Regulation] which provides in pertinent part:

"*Special requirements.* If an agency uses more restrictive requirements under this section—
(1) Each requirement may be no more restrictive than that in effect under the State's Medicaid plan on January 1, 1972, *and no more liberal than that applied under SSI. . . .*" (Emphasis supplied).

The Department's argument, however, ignores the impact of 42 U.S.C. § 1396a(r)(2) [hereinafter referred to as the Federal Methodology Statute], which provides:

"(A) The methodology to be employed in determining income and resource eligibility for individuals under . . . [§ 209(b) ] of this section or under section 1396d(p) of this title *may be less restrictive*, and shall be no more restrictive than the methodology—

(i) in the case of groups consisting of aged, blind, or disabled individuals, under the supplemental security income program under subchapter XVI of this chapter, or

(ii) in the case of other groups, under the State plan most closely categorically related.

(B) For purposes of this subsection and subsection (a)(10) of this section, methodology is considered to be 'no more restrictive' if, using the methodology, additional individuals may be eligible for medical assistance and no individuals who are otherwise eligible are made ineligible for such assistance."

(Emphasis supplied). Although the Federal Methodology Statute was enacted in 1988, its effective date was October 1, 1982. H.Conf.Rep. No. 661, 100th Cong., 2d Sess. 268, *reprinted in* 1988 U.S.Code Cong. & Admin.News 803, 923, 1046.

The court in *Mowbray v. Kozlowski* (4th Cir.1990), 914 F.2d 593, agreed with the Secretary of Health and Human Service's interpretation of the Federal Methodology Statute, which was "that states could use more liberal methodologies to evaluate Medicaid eligibility." *Id.* at 601. Given the explicit language of the statute, we can only conclude that the decision in *Morris*, at least with respect to income and resource methodologies, has been invalidated by federal legislation.

As § 209(b) states have been given express authorization to use more liberal income and resource methodologies than those used by SSI states, we cannot agree with the Department's assertion that the decision in *Morris*, which was made before the enactment of the Federal Methodology Statute, is controlling.

In our original opinion, we contrasted the analysis used by the courts in *Roloff v.*

*Sullivan* (N.D.Ind.1991), 772 F.Supp. 1083, and *Foley v. Suter* (N.D.Ill.1988), No. 83 C 4736, Medicare & Medicaid Guide (CCH) ¶ 37,695, 1988 WL 235571. We concluded the analysis in *Foley* was more consistent with the provisions of § 209(b) and the Federal Restriction Regulation than the analysis in *Roloff.*

The court in *Foley* recognized that the Federal Methodology Statute supported its conclusion, while the *Roloff* court failed to properly consider the statute. In *Roloff,* the court acknowledged that the Federal Methodology Statute allowed states to use less restrictive eligibility methodologies than those employed by SSI states, but it failed to consider the statute in connection with § 209(b). The *Roloff* court simply concluded that the Department could ignore its 1972 plan if it chose to use SSI standards.

In summary, § 209(b) requires a state to provide Medicaid coverage to those eligible under its plan in effect on January 1, 1972, and the Federal Methodology Statute allows that state to use its plan even if the plan employs more liberal income or resource eligibility methodologies than those used in SSI states. The Department's claim, and the conclusion in *Roloff,* that Indiana is not required to use the resource spend-down provision of its 1972 plan because such a provision is not also required by SSI standards, is therefore inconsistent with the Federal Methodology Statute and the prohibition in § 209(b) against more restrictive eligibility criteria.

The Department's petition for rehearing is denied.

SHIELDS and RUCKER, JJ., concur.