**306**

INDIANA DEPARTMENT OF PUBLIC WELFARE, Appellant (Respondent Below),

v.

Loren TECKENBROCK and Edith Teckenbrock, by their guardian, Donna OWEN, Appellees (Petitioners Below).

No. 30S01–9411–CV–1118.

Supreme Court of Indiana.

Nov. 23, 1994.

Pamela Carter, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Indianapolis, for appellant.

Charles M. Loeser, South Bend, for appellees.

ON PETITION TO TRANSFER

DICKSON, Justice.

Appellant-respondent Indiana Department of Welfare ("the Department") seeks transfer following the Court of Appeals' partial affirmance of the trial court's grant of summary judgment in favor of appellee-petitioners Loren and Edith Teckenbrock. *Indiana Dep't. of Pub. Welfare v. Teckenbrock* (1993), Ind.App., 620 N.E.2d 740. The decision of the Court of Appeals was based upon its earlier decision in *Indiana Dep't. of Pub. Welfare v. Payne* (1992), Ind.App., 592 N.E.2d 714, *reh'g denied* (1992), 598 N.E.2d 608 (hereafter *Payne I* ), which was subsequently vacated by this Court in *Indiana Dep't. of Pub. Welfare v. Payne* (1993), Ind., 622 N.E.2d 461 (hereafter *Payne II* ), which adopted and applied the rationale of *Roloff v. Sullivan* (7th Cir.1992), 975 F.2d 333. We grant transfer solely to address the application of *Payne II.*

The Teckenbrocks began residing in a Hancock County nursing home in February, 1989, and applied for Medicaid benefits with the Hancock Department of Public Welfare on August 29, 1989. They were denied Medicaid assistance because their total resources, $2,573.70, exceeded the $2,250.00 resource limitation for a married couple. In a subsequent hearing, an administrative law judge sustained the denial of benefits. Upon judicial review, summary judgment was granted in favor of the Teckenbrocks. The portion of the trial court's determination that applied *Payne I* to find the Teckenbrocks eligible for Medicaid assistance was affirmed by the Court of Appeals.

The Department contends that an Indiana Medicaid applicant who fails to meet the threshold resource eligibility guidelines established by Supplemental Security Income for the Aged, Blind, and Disabled ("SSI"), a 1972 federal reconfiguration of Medicaid, may not apply incurred medical expenses as

an offset against excess resources to establish eligibility (resource spend-down). While conceding that Indiana's participant status in Medicaid potentially affords an applicant the benefit of state Medicaid provisions effective on January 1, 1972, the Department argues such 1972 provisions may not be utilized to establish Medicaid eligibility until SSI eligibility requirements have been met. The Teckenbrocks assert that even though their resource level surpassed the state's Medicaid resource limitation, because Indiana permitted resource spend-down in 1972, resource spend-down should now be available to reduce their resource level and thus establish Medicaid eligibility.

■ In opposing transfer, the Teckenbrocks argue against remand to the agency "to determine facts which were never elicited in the initial administrative agency action," Brief in Opposition to Appellant's Petition to Transfer at 2, as an impermissible *de novo* review and allege that the State waived the SSI eligibility argument by failing to assert this basis in its initial denial notice and by failing to designate it to the trial court in the summary judgment proceedings.

After the Teckenbrocks' Medicaid applications were denied in October, 1989, they filed their petition for judicial review in June, 1990, and a motion for summary judgment with supporting memorandum in July, 1991. On approximately November 19, 1991, the State sought and obtained a continuance to await the decision of the Seventh Circuit Court of Appeals on parallel issues in the then-pending *Roloff* case, which was not decided by the Seventh Circuit until September 11, 1992. The trial court thereafter heard oral argument on October 15, 1992. The State presented argument based upon *Roloff.* The trial court's November 17, 1992, order granting the Teckenbrocks' motion for summary judgment was supported by extensive findings of fact and conclusions of law. The trial court therein expressly noted that the decision of the Seventh Circuit in *Roloff* was not binding on Indiana courts, which instead were bound by the Indiana Court of Appeals'

decision in *Payne I,* at that time not yet vacated by this Court. In its subsequent appeal, the State extensively discussed the effect and application of *Roloff.* The State thus clearly asserted both in the trial court and on appeal the basis for its present claim. Under these circumstances, we decline to find waiver or otherwise to prevent the State from applying our decision in *Payne II* to the Teckenbrocks' claims in this case.

■ In *Payne II,* we adopted the *Roloff* analysis and held that "the resource spend-down component of eligibility employed by Indiana in 1972 applies only after SSI eligibility requirements have been met." *Payne,* 622 N.E.2d at 468. Therefore, applying *Payne II,* the Teckenbrocks' resource spend-down may not be utilized in substitution for the more rigorous threshold resource requirements of SSI, contrary to the trial court's grant of summary judgment.[1]

Transfer is granted, and this cause is remanded to the trial court for further proceedings consistent with our decision in *Payne II.*

SHEPARD, C.J., and DeBRULER, and GIVAN, JJ., concur.

SULLIVAN, J., is not participating.

---

1. Our disposition with respect to the trial court's granting of summary judgment makes it unnecessary to consider the Department's alternative contention that the trial court exceeded its authority by ordering the Department to award benefits to the Teckenbrocks.