STATE of Indiana, FAMILY AND SO-
CIAL SERVICES ADMINISTRA-
TION, Appellant–Respondent,

v.

MARION GENERAL HOSPITAL, and
QHG of Indiana, Inc. d/b/a Lutheran
Hospital of Indiana, (Consolidated
Cases) Appellees–Petitioners.

No. 02A03–9604–CV–122.

Court of Appeals of Indiana.

March 27, 1997.

Pamela Carter, Attorney General, Carol A.
Nemeth, Deputy Attorney General, India-
napolis, for Appellant.

James A. Federoff, Craig R. Patterson,
Beckman, Lawson, Sandler, Snyder & Feder-
off, L.L.P., Fort Wayne, for Appellee.

## OPINION

GARRARD, Judge.

The State of Indiana, Family and Social
Services Administration ("FSSA") appeals
the reversal of its denial of benefits to twen-
ty-six individuals under the Hospital Care for
the Indigent program ("HCI"), claiming that
the failure to incorporate Indiana's Medicaid
"spend-down" provisions into its financial eli-
gibility rule was not arbitrary and capricious.

We affirm.

## FACTS

The present appeal is a consolidation of
appeals brought by QHG, Inc. and Marion
General Hospital (collectively "Hospitals")
against the FSSA to recover benefits denied
under the HCI. Together, the two claims
involve twenty-six individuals who were de-
nied benefits under the HCI because they
exceeded the maximum monthly income level
set by the FSSA.[1] It is undisputed that all
twenty-six individuals exceeded the maxi-
mum monthly income level and, under the
FSSA monthly income rule, were ineligible
for assistance.

After the initial denial of the benefits, the
Hospitals appealed to the FSSA, which up-
held the original denials. The Hospitals then
petitioned the Grant Circuit Court and the
Allen Superior Court to review the decision
of the FSSA. Using similar language, the
two trial courts found the FSSA's denial of
benefits to be arbitrary and capricious, an
abuse of discretion, and contrary to law, and
reversed the FSSA's denials. The trial
courts found that the maximum monthly in-
come rule was contrary to law because it
failed to incorporate the Indiana Medicaid
"spend-down" provisions.[2] The FSSA ap-

---

1. IND.ADMIN.CODE tit. 470, r. 11.1–1–5. For the
   purposes of this opinion, we will refer to this
   section as the FSSA monthly income rule.

2. Because we need not define "spend-down"
   provisions for the purposes of this appeal, we

decline to do so. For a definition of "spend-
down" provisions, see Indiana Dept. of Public
Welfare v. Payne, 622 N.E.2d 461 (Ind.1993),
reh'g denied.

pealed these two decisions and on April 19, 1996, filed a motion to consolidate the two appeals, which we granted.

## ISSUE

I. Whether the trial courts properly found that the FSSA's failure to incorporate "spend-down" provisions into the FSSA's monthly income rule was error.

## DISCUSSION

In our review of the FSSA's denial of benefits, we stand in the shoes of the trial court. *Bd. of Reg. for Land Surveyors v. Bender,* 626 N.E.2d 491, 496 (Ind.Ct.App. 1993). We look to see if the denial of benefits by the FSSA was arbitrary, capricious, an abuse of discretion or contrary to law. *Lutheran Hosp. v. Dept. of Public Welfare,* 571 N.E.2d 542, 544 (Ind.1991). "We do not reweigh the evidence presented to an administrative agency, but if the agency's findings lack the support of substantial evidence or the agency's order is contrary to law, we shall reverse." *Id.*

The Hospitals claim that the FSSA's failure to incorporate "spend-down" provisions into its monthly income rule was arbitrary, capricious, and contrary to law because the plain language of the statute granting the FSSA the power to promulgate the income rules [3] required the inclusion of the "spend-down" provisions. Indiana Code § 12–16–3–3 authorizes the FSSA to make rules setting income and resource eligibility standards for individuals whose medical care is to be paid by the HCI. This power to promulgate rules is limited, however, by subsection (b), which states: "To the extent possible, rules adopted under this section must meet the following conditions: (1) Be consistent with IC 12–15–21–2 and IC 12–15–21–3." Indiana Code § 12–15–21–2 and § 12–15–21–3 refer to the Indiana Medicaid Act and both parties agree that these sections include "spend-down" provisions. The Hospitals argue that the language "to the extent possible ... be consistent" means that "if possible" the FSSA must include "spend-down" provisions, and that the FSSA has failed to show that it is

not possible to include "spend-down" provisions in the monthly income rule. The FSSA argues that, because the statute says only that it must be consistent, not identical, the statute gave the FSSA the discretion to use its expertise to promulgate the current monthly income rule.

In construing IND.CODE § 12–16–3–3, we "must give effect to the plain and manifest meaning of the language employed." *Dept. of Pub. Wel. v. St. Joseph's Med. Ctr.,* 455 N.E.2d 981, 983 (Ind.Ct.App.1983). Only if the language employed is ambiguous will we search for legislative intent. *Id.* Because the language employed in the statute is not ambiguous, we need not search for the legislative intent; instead, we will give effect to the plain meaning of the statute.

"Consistent" is defined as "free from variation or contradiction." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 280 (9th ed. 1983). "Possible" is defined as "being within the limits of ability, capacity, or realization." *Id.* at 918. Using these ordinary meanings, the phrase "to the extent possible ... be consistent with" means to the extent within the limits of ability the rules must be free from variation or contradiction. By failing to include the "spend-down" provisions, the FSSA rule varies from the provisions of the Medicaid Act. Indiana Code § 12–16–3–3 requires that, within the limits of ability, the FSSA rules must not vary from the provisions of the Medicaid Act. For the FSSA to justify its monthly income rule under the statute, the FSSA must not have been *able* to include "spend-down" provisions in its rule.

The issue before us, therefore, is whether the FSSA was not able to include the "spend-down" provisions in its rule. If the FSSA was able to include the "spend-down" provisions, then the FSSA exceeded the bounds of the authority granted by IND.CODE § 12–16–3–3, and the rule upon which the denial of benefits was based is invalid. The agency is authorized to depart from consistency with IC 12–15–21–2 and IC 12–15–21–3 but only for articulable reasons determining that consistency is not possible. "The relevant inquiry is whether there is substantial evidence of

---

3. IND.CODE § 12–16–3–3.

probative value to support the agency's determination." *Bd. of Reg. for Land Surveyors v. Bender*, 626 N.E.2d 491, 496 (Ind.Ct. App.1993). The FSSA presented no evidence that it was not able to incorporate the "spend-down" provisions. In fact, the FSSA presented no evidence at all to support its decision. Because the FSSA's decision not to include the "spend-down" provisions was not supported by any evidence, the trial courts correctly reversed the denials of the benefits. The FSSA's monthly income rule violated the plain language of Ind.Code § 12–16–3–3 and, therefore, the denial of benefits based on this rule was error.

Affirmed.

FRIEDLANDER and ROBERTSON, JJ., concur.