Alice SANDERS, Appellant–Petitioner,

v.

STATE of Indiana, FAMILY AND SOCIAL SERVICES ADMINISTRATION, and State of Indiana, Division of Family and Children, Appellees–Respondents.

No. 85A02–9710–CV–725.

Court of Appeals of Indiana.

June 9, 1998.

James A. Federoff, Craig R. Patterson, Beckman, Lawson, Sandler, Snyder & Federoff, L.L.P., Fort Wayne, for Appellant–Petitioner.

Jeffrey A. Modisett, Attorney General, Rachel Zaffrann, Deputy Attorney General, Indianapolis, for Appellees–Respondents.

## OPINION

GARRARD, Judge.

### Case Summary

Alice Sanders appeals the trial court's denial of her petition for judicial review of the Family and Social Services Administration ("FSSA")'s decision denying her application for Medicaid assistance during the months of November and December of 1995. We affirm.

### Issue

Sanders presents one issue which we restate as: whether an applicant who does not meet Supplemental Security Income ("SSI") eligibility standards is permitted to become eligible for Medicaid by counting incurred medical bills against her resources.

### Facts and Procedural History

On November 10, 1995, Sanders was admitted to a hospital for chest pain. Although she was discharged on November 20, Sanders was again admitted to the hospital on November 24, 1995 for further treatment. On November 17, 1995, Sanders filed an application for Medicaid benefits with the Wabash County Department of Family and Children, requesting Medicaid coverage from August of 1995.

After examining Sanders' resources and income, the FSSA concluded that her resources exceeded the Medicaid eligibility limitations. The FSSA then determined that Sanders did not meet the eligibility standards for the SSI program and therefore could not use the spend-down provision to apply her incurred medical expenses to offset her excess resources. Consequently, in March of the following year, the FSSA denied Sanders' application for Medicaid from August through December of 1995 for the reason that her resources exceeded the Medicaid resource standard of $2,250.00.[1]

In November of 1996, Sanders filed in the Wabash Circuit Court a petition for judicial review of the FSSA's decision. In July of 1997, the trial court issued its order concluding that Sanders "was not eligible for SSI because her income exceeded the maximum for that program, and the agency correctly determined, as required by the *Payne* decision, that she was therefore not entitled to the Medicaid spend-down provision." Record at 10.

### Discussion and Decision

Sanders argues that the FSSA improperly denied her application for Medicaid assistance for the months of November and December of 1995 due to "alleged" excess resources. She asserts that the FSSA improperly required that before she could spend down her excess resources, she had to first meet the SSI income eligibility requirements, without having an opportunity to spend down her excess income, as permitted under Indiana's Medicaid regulations. Thus, she contends the FSSA's determination was unreasonable, arbitrary, and capricious and was not otherwise in accordance with federal and Indiana law.

■ "In our review of the FSSA's denial of benefits, we stand in the shoes of the trial court." *State, Family and Soc. Serv. Ad-*

---

1. In the same order, the FSSA approved Sanders' application for Medicaid as of January 1, 1996.

*min. v. Marion Gen. Hosp.,* 677 N.E.2d 1122, 1123 (Ind.Ct.App.1997), *trans. denied.* We look to see if the denial of benefits by the FSSA was arbitrary, capricious, an abuse of discretion, or contrary to law. *Id.* We do not reweigh the evidence presented to an administrative agency, but if the agency's findings lack the support of substantial evidence or the agency's order is contrary to law, we shall reverse. *Id.*

The purpose of the Medicaid program is to provide medical assistance to needy persons whose income and resources are insufficient to meet the expenses of health care. 42 U.S.C. § 1396; *Sullivan v. Day,* 681 N.E.2d 713, 715 (Ind.1997). The program operates through a combined scheme of federal and state statutory and regulatory authority. *See* 42 U.S.C. § 1396a; IND.CODE § 12–15–1–1. We have previously provided a detailed presentation of the statutory background of the Medicaid program. *See Indiana Dep't of Pub. Welfare v. Payne,* 592 N.E.2d 714 (Ind. Ct.App.1992), *aff'd,* 622 N.E.2d 461 (Ind. 1993). In relevant part, we stated:

> To prevent the implementation of SSI from discouraging states' participation in Medicaid, Congress enacted the "209(b) option" which allowed states to elect to provide Medicaid benefits *only* to those individuals who would have been eligible under the state's Medicaid plan in effect on January 1, 1972. States that chose to offer Medicaid benefits to all individuals receiving SSI assistance are referred to as "SSI states" and those exercising the § 209(b) option are referred to as "§ 209(b) states."

> The essence of the § 209(b) option is to allow states the choice of using their more restrictive 1972 Medicaid eligibility standards rather than the more generous SSI eligibility standards. States participating in Medicaid are required to adopt reasonable eligibility standards for Medicaid applicants, considering the income and resources available to the applicant. However, under the § 209(b) option, a state's Medicaid eligibility requirement may be no more restrictive than those in effect on January 1, 1972. Thus, if an individual would have been eligible for Medicaid under the state's plan in effect

on January 1, 1972, the state is required to provide Medicaid benefits to that individual.

*Id.* at 719–20 (citations and footnote omitted).

Indiana, as a § 209(b) state, chose to participate in the Medicaid program, but not to serve the medically needy. Instead, Indiana obligated itself to serve only the categorically needy, those families with dependent children eligible for public assistance under the Aid to Families with Dependent Children program, the aged, the blind, and the disabled who are eligible for benefits under the SSI program. *Sullivan,* 681 N.E.2d at 715; *Roloff v. Sullivan,* 975 F.2d 333, 335 (7th Cir.1992).

■ To qualify for Medicaid in Indiana, an applicant must meet both an income eligibility test and a resources eligibility test. If either the applicant's income or the value of the applicant's resources is too high, then the applicant does not qualify for Medicaid. *Roloff,* 975 F.2d at 337; *see also State, Family and Soc. Serv. Admin. v. Thrush,* 690 N.E.2d 769, 772 (Ind.Ct.App.1998), *trans. pending.* Under Indiana's system, a married individual is ineligible for medical assistance for any month in which the couple's income exceeds $687.00. IND. ADMIN. CODE tit. 405, r. 2–3–18. A married individual is likewise ineligible for medical assistance for any month in which the couple's countable resources exceed $2,250.00. IND. ADMIN. CODE tit. 405, r. 2–3–15.

■ Under certain circumstances, an applicant may be eligible to exercise a resource spend-down if the applicant's resources exceed the Medicaid threshold. A spend-down allows an applicant to "apply his incurred medical expenses as a setoff against his excess resources for the relevant period." *Indiana Dep't of Pub. Welfare v. Payne,* 622 N.E.2d 461, 463 n. 1 (Ind.1993). However, "Indiana did not intend to extend Medicaid eligibility to those who would not even qualify for benefits under SSI's more liberal requirements, because it did not endorse the more restrictive eligibility requirements by opting for 209(b)." *Id.* at 468. Thus, "the resource spend-down component of eligibility employed by Indiana in 1972 applies *only*

*after* SSI eligibility requirements have been met." *Id.* (emphasis added). *Resource* spend-down should not be confused with the *income* spend-down provision within Indiana's Administrative Code. *See* IND. AD-MIN. CODE tit. 405, r. 2–3–10.

Sanders' resources were $2,987.77 in November and $2,663.27 in December of 1995. Thus, during both months, her resources exceeded $2,250. Further, Sanders was ineligible for SSI benefits due to her excess income. We disagree with the contention that Sanders should have been able to spend down her income to qualify for SSI so that she could, in turn, spend-down her resources to qualify for Medicaid. The Indiana Administrative Code's income spend-down provision applies only to "otherwise eligible" applicants or recipients. IND. AD-MIN. CODE tit. 405, r. 2–3–10. The parties agreed that Sanders was not otherwise eligible under SSI. Thus, she was not entitled to spend-down her income pursuant to the administrative code provision. *See id.; see also Payne,* 622 N.E.2d at 468 quoted *supra.* Without being able to spend-down her income according to the administrative code, Sanders could not qualify for SSI. Because "meeting SSI eligibility requirements is a prerequisite for utilization of resource spend-down," *Payne,* 622 N.E.2d at 468, and because Sanders was ineligible for SSI benefits, the FSSA properly concluded that Sanders was not entitled to utilize resource spend-down. Absent a resource spend-down, Sanders was not eligible for Medicaid.

Accordingly, without reweighing the evidence, we conclude that the FSSA's determination that Sanders was not entitled to Medicaid because her resources exceeded $2,250.00 was supported by substantial evidence. *See* IND. ADMIN. CODE tit. 405, r. 2–3–15. Thus, the FSSA's denial of benefits to Sanders was not, arbitrary, capricious, an abuse of discretion, or contrary to law. *See also Indiana Dep't of Pub. Welfare v. Teckenbrock,* 643 N.E.2d 306, 307 (Ind.1994) (concluding that "resource spend-down may not be utilized in substitution for the more rigor-

ous threshold resource requirements of SSI".)

Affirmed.

STATON and RUCKER, JJ., concur.