THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ROBERT V. L. GUILFORD, Appellant.

Fourth Department, January 9, 1964.

*Shane & McCarthy* (*D. M. Franz* of counsel), for appellant.
*Edward F. Mergler* for respondent.

WILLIAMS, P. J. The defendant was convicted of driving while intoxicated, as a felony, in violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law.

There was ample evidence to justify a finding of "guilty" by the jury, but errors that occurred during the trial require reversal and a new trial.

The section in question provides that whoever operates a motor vehicle in an intoxicated condition "after having been convicted of operating a motor vehicle * * * while in an intoxicated condition shall be guilty of a felony".

At an arraignment during the trial, in the absence of the jury, and in accordance with subdivision 4 of section 275-b of the Code of Criminal Procedure, the defendant admitted that on October 28, 1955 he had been convicted of the crime of driving while intoxicated. Therefore, according to the provision above quoted referring to a previous conviction, he was properly charged with the commission of a felony.

Said section 275-b sets up certain safeguards, which we shall outline, for the protection of defendants circumstanced as was defendant in this case. It provides that the indictment should not allege that the defendant had been convicted of a previous crime and that even when a crime is designated a felony by reason of a prior conviction only a description of the basic crime as a felony is permitted (subds. 1, 2). "At the trial, for the purpose of proving the crime ' as a felony,' the people may not prove or offer to prove any prior conviction other than the one named in the information" (subd. 3). However, the defendant having admitted the prior conviction, the court properly charged the jury that the crime charged in the indictment was a felony; but no proof of such prior conviction could be adduced before the jury (subd. 4).

Regardless of all of these statutory precautions and safeguards the court, after charging, as was required, that the defendant had been indicted for a felony, read the entire section, including the provision that the operation of the vehicle would be a felony, and not a misdemeanor, only if there had been a previous conviction. This was error, particularly when coupled with a subsequent statement that defendant was charged with a felony, and this error alone was sufficiently prejudicial to require a new trial.

In discussing the alcoholic content of the blood stream, the court charged: "[E]vidence alone, fifteen-hundredths of 1%

or more in the blood stream, that evidence is sufficient even without other evidence, to justify and support a finding by the jury, if it is *uncontradicted evidence,* that the defendant was intoxicated at the time. In this case the blood alcohol weight percentage was twenty-three hundredths of 1% which is well over the fifteen-hundredth of 1% as you are aware. This is evidence and definite evidence in this case before you. The only way this evidence can be set aside is by rebuttal evidence by the defendant that he wasn't, in fact, intoxicated. This is a matter for you as Jurors to decide. Now I want to  *  *  *  remind you that there is uncontradicted evidence that the defendant was operating the motor vehicle in this case. There is no evidence that anybody else was operating the motor vehicle  *  *  *. [T]he defendant's own witness Mr. Slack testified that defendant was operating this vehicle.'' (Italics supplied.) This was almost the equivalent of directing a verdict against the defendant. The word '' uncontradicted '' as used indicated that the jurors were required to accept such evidence merely because it was not specifically contradicted. The court also impressed upon the jury that evidence of more than .15% of alcohol in the blood stream was '' definite evidence '', with the remark that the only way it could have been '' set aside '' was by rebuttal evidence '' by the defendant ''. The defendant did not testify, so of course there was no rebuttal evidence by the '' defendant '' personally. Further, it was unnecessary for the Judge also to state that there was uncontradicted evidence that the defendant was operating a motor vehicle. That was technically correct as a matter of analyzing the testimony, but it is confusing as to the law relating to burden of proof.

After the main charge defendant's counsel objected to the portion of the charge above quoted and requested a charge that evidence to overcome the presumption might come from witnesses produced by the People. The Judge then gave this instruction: '' [I]f you feel that any evidence produced in this case, evidence brought out by prosecution by the District Attorney or cross examination by defendant's attorney which would rebut the presumption  *  *  *  if such evidence does rebut such presumption you may consider that and you should whether proof was made in the people's case or the defendant's case.'' Although there was no specific exception to this it was erroneous in that, combined with the previous portions of the charge, it implied that the defendant had the burden of rebutting the presumption before the presumption would fall. This was incorrect.

The burden of proof was on the prosecution throughout regardless of presumptions. The rule is well stated in *People* v. *Terra* (303 N. Y. 332, 337), where the court decided that the presence of a machine gun in a storeroom occupied by the defendants created a presumption of its illegal possession by all of the persons occupying the storeroom. Analyzing the effect of the presumption, the court said (p. 337): "The statute here challenged visits no oppressive burden upon an accused. It gives him every opportunity to rebut the presumption—for which, as we have seen, there is fair and reasonable basis— merely calling upon him to explain the highly sinister and suspicious proof that a death-dealing machine gun was found in a room occupied by him. And, even if he offers no explanation, the jury may still refuse to convict. The burden of proof upon the entire case, the duty of establishing guilt beyond a reasonable doubt, remains as ever with the prosecution. Defendant's right to a fair trial continues undiminished; no hardship is imposed, no constitutional right or safeguard impaired." (See, also, the opinions in *People* v. *Hildebrandt,* 308 N. Y. 397, 404–405.)

This court met a somewhat similar problem in *People* v. *Yeager* (7 A D 2d 322, 323). There the Trial Judge endeavored to explain the distinction between a general and a specific intent and then charged, as a matter of law, that it was not necessary for the prosecution to prove a specific intent. The court charged: " ' If the absence of any general intent is relied upon as a defense * * * *such absence must be shown to you by the accused.* The burden of proof so far as this Defendant of that particular element, in the absence of a general criminal intent, is only present when you arrive to a stage in this case where you believe that the People up to that point have proved the Defendant guilty beyond a reasonable doubt.' " (Italics supplied.) This court reversed and granted a new trial.

Of interest also are *People* v. *Stern* (201 App. Div. 687, particularly pp. 690, 691), and *People* v. *Leis* (13 A D 2d 22).

The trial court fell into the same error in the charge as to the taking and handling of the blood test. The court charged: " As to the taking and handling of the blood, let me advise you, there is no question in this case. The evidence is uncontradicted ". And, further: " There is no question on that before this jury. Those are the facts, the only facts in evidence before you." This language also follows the general pattern of indicating that uncontradicted evidence had to be accepted by the jury.

These errors require reversal and a new trial.

BASTOW, GOLDMAN and NOONAN, JJ., concur.

Judgment unanimously reversed on the law and facts and a new trial granted.