■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID F. REDING, Appellant.—Levine, J. Appeal from a judgment of the County Court of Fulton County (Mazzone, J.), rendered November 16, 1989, upon a verdict convicting defendant of the crime of driving while ability impaired.

At approximately 1:10 A.M. on December 11, 1987, defendant was stopped by Deputy Sheriff Scott McCoy in the Town of Caroga Lake, Fulton County, after McCoy observed defendant's car cross the center pavement markings in the road several times and finally sway into the opposite lane. At that time, McCoy detected the odor of alcohol on defendant's breath and noticed that his eyes were bloodshot. After defendant admitted that he had been drinking, McCoy administered field sobriety tests, which defendant could not successfully complete, and an Alco-sensor test, which indicated a positive result. Defendant was then placed under arrest and trans-

ported to the Sheriff's Department where he submitted to a breathalyzer test, resulting in a blood alcohol reading of .17%.

Thereafter, defendant was indicted on two counts of operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [2], [3]). The matter proceeded to trial where defendant was acquitted on both counts contained in the indictment, but found guilty of the lesser included offense of driving while ability impaired (hereinafter DWAI) (Vehicle and Traffic Law § 1192 [1]). This appeal ensued.

Defendant's first contention on appeal is that the results of the breathalyzer test were introduced into evidence without a proper foundation. However, even if the breathalyzer results were improperly admitted, our review of the jury verdict and the trial transcript leads us to conclude that such error was harmless (see, People v Crimmins, 36 NY2d 230, 241-243). First, implicit in the jury's verdict acquitting defendant on both counts of the indictment is that it rejected the breathalyzer test results. Further, the record contains overwhelming additional evidence, including defendant's admission that he had been drinking and McCoy's testimony that he detected alcohol on defendant's breath, that defendant's eyes were bloodshot and that he exhibited a psychomotor coordination problem, which supports the far less rigorous proof required to establish DWAI, that is, that defendant's driving ability was impaired to any extent (see, People v Cruz, 48 NY2d 419, 426, appeal dismissed 446 US 901; People v Wirtz, 128 AD2d 745, 746; see also, People v Brockum, 88 AD2d 697; People v Farrell, 87 AD2d 690, 691 [Yesawich, Jr., J., concurring], affd 58 NY2d 637).

Defendant next contends that the People improperly elicited testimony from McCoy regarding the results of the Alco-sensor test. Defendant's objection to that testimony, however, was not preserved for our review because defendant's counsel stipulated to the curative instruction given by County Court and thereafter made no further objections or requests for additional instructions (see, CPL 470.05 [2]; People v Flores, 139 AD2d 525, 526; People v Kolb, 118 AD2d 590, 591, lv denied 67 NY2d 945).

We have examined defendant's remaining points, including his claim that he was not proven guilty beyond a reasonable doubt, and find them to be without merit.

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.