■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBORAH A. LIZZIO, Appellant.—Casey, J. P. Appeal from a judgment of the County Court of Fulton County (Mazzone, J.), rendered October 26, 1990, upon a verdict convicting defendant of the traffic offense of driving while ability impaired.

Defendant was indicted on two counts of operating a motor vehicle while under the influence of alcohol. The jury acquitted defendant of the charge of driving with .10% or more blood alcohol content, despite proof that defendant's blood alcohol level was .24%, and also acquitted defendant of the charge of operating a motor vehicle while under the influence of alcohol. Defendant's acquittal of those charges renders moot defendant's argument concerning the admissibility of the blood samples *(see, People v Reding,* 167 AD2d 716, *lv denied* 77 NY2d 999; *People v Terrance,* 120 AD2d 805).

As to the traffic offense of driving while ability impaired, of which defendant was convicted as a lesser included offense, the verdict was not against the weight of the evidence. Conviction of that offense did not require proof of intoxication, but only that defendant's driving ability was impaired to any extent *(see, People v Reding, supra)*. Two police officers testified that defendant's eyes were bloodshot, her speech was slurred, she smelled of alcohol and, in their opinion, defendant was intoxicated. An ambulance volunteer testified that she felt defendant had been drinking. There was also proof that defendant's vehicle struck the back of another vehicle in an area where there was little traffic. This evidence is legally sufficient to support the verdict rendered by the jury despite the conflicting evidence offered by defendant. Accordingly, the judgment should be affirmed.

Mikoll, Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the judgment is affirmed.