(March 23, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE W. McDONALD, Appellant. [811 NYS2d 492]—

Rose, J. Appeal from a judgment of the County Court of Essex County (Halloran, J.), rendered December 16, 2003, upon a verdict convicting defendant of the crime of driving while ability impaired by alcohol.

At his trial on a charge of driving while intoxicated, defendant admitted to the consumption of alcohol but challenged the

arresting officer's testimony regarding the specific amount that defendant had admitted to at the time of arrest. On this appeal of his conviction of the lesser included offense of driving while ability impaired, defendant argues only that the evidence was legally insufficient.

To establish a prima facie case, the People were required to show that defendant operated a motor vehicle while his ability to do so was impaired by the consumption of alcohol (*see* Vehicle and Traffic Law § 1192 [1]; *People v Cruz,* 48 NY2d 419, 426 [1979], *appeal dismissed* 446 US 901 [1980]). "Conviction of [this] offense [does] not require proof of intoxication, but only that defendant's driving ability was impaired to any extent" (*People v Lizzio,* 178 AD2d 741, 742 [1991], *lv denied* 79 NY2d 921 [1992]; *see People v Reding,* 167 AD2d 716, 717 [1990], *lv denied* 77 NY2d 999 [1991]). Here, the arresting officer testified that he pulled defendant's vehicle over for speeding, smelled alcohol on defendant's breath, defendant's eyes were glassy or watery, and defendant slurred his speech and exhibited poor coordination. The officer also testified that although defendant refused to submit to either field sobriety testing or a chemical test, he did admit that he had been drinking. From this testimony, the jury could infer that defendant had refused to submit to a chemical test because he feared what it would disclose. Viewing this evidence in the light most favorable to the People, we find that it provides a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury" (*People v Bleakley,* 69 NY2d 490, 495 [1987]).

We have also considered defendant's argument that certain of his actions both before and after the arrest show that he could not possibly have consumed as much alcohol as the arresting officer claimed that he had admitted. Nevertheless, since even the amount that defendant conceded he had consumed could have impaired his driving ability, we find that the jury gave the evidence the weight it should have been accorded (*see id.* at 495; *People v Smith,* 21 AD3d 587, 588 [2005], *lv denied* 5 NY3d 833 [2005]).

Spain, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.