OPINION OF THE COURT
Richard Lee Price, J.
The defendant, charged with operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [1], [3]), was convicted after a jury trial of Vehicle and Traffic Law § 1192 (1), a violation, and acquitted of Vehicle and Traffic Law § 1192 (3), a misdemeanor. Defendant then orally moved to set aside the verdict due to the unavailability of a videotape recording during jury deliberations that had been admitted in evidence as People’s exhibit 5.[1]
Defendant argues that the unavailability of the Intoxicated Driver’s Testing Unit (IDTU) videotape, which precluded this court from honoring the jury’s request to view it during their deliberations, was prejudicial and requires this court to set aside the verdict because it necessarily prevented the jury from viewing all the evidence admitted at trial. Defendant further argues that the verdict must be set aside because of the People’s failure to preserve the videotape.
The District Attorney contends, in opposition to defendant’s application, that “a deliberating jury is not entitled to see the evidence during deliberations.” (Emphasis supplied.)[2] The District Attorney further argues that the jury’s inability to view the videotape during deliberations neither prejudiced the defendant nor deprived him of a fair trial.
Procedural and Factual Background
Trial commenced on April 4, 2009 before this court. On April 7, 2009, the People offered the IDTU videotape into evidence as People’s exhibit 5, and the court received it in evidence without objection of the defendant. The videotape depicts the defendant inside a police precinct being instructed on the manner in which *834 he was to submit to the Intoxilyzer machine. It was then played in its entirety for the jury.
On April 13, the Assistant District Attorney attempted to play the videotape during his summation. At that time, the videotape was inexplicably inoperable. Upon the conclusion of his summation, this court charged the jury after which they began deliberating. Shortly thereafter, the jury requested to view all the evidence and the videotape. Once again, the Assistant District Attorney attempted to play the videotape to no avail. He subsequently informed this court that the videotape had become corrupted and could not be repaired. This court then instructed the jury to cease their deliberations and adjourned until the following day. The next day, April 14, 2009, this court advised the jury that it was unable to comply with their request to view the videotape. This court further instructed the jury to rely on any memory they had from when it was first played during trial on April 7. After the jury returned to the jury room to resume its deliberations, defendant orally moved for a mistrial due to the unavailability of that videotape, which this court reserved decision on. Shortly thereafter, the jury returned with their verdict.
This court notes that while the affirmations submitted by both parties refer to this motion as one seeking a mistrial, such relief is no longer available once a verdict has been rendered (see People v Collins, 72 AD2d 431 [4th Dept 1980]; People v Banks, 130 AD2d 498 [2d Dept 1987]; People v Wilson, 106 AD2d 146 [4th Dept 1985]). Accordingly, this court has entertained defendant’s motion as one seeking to set aside the verdict.
Conclusions of Law
Criminal Procedure Law § 310.20 (1) entitles a deliberating jury to view “[a]ny exhibits received in evidence at the trial which the court, after according the parties an opportunity to be heard upon the matter, in its discretion permits them to take” (see People v Thigpen, 30 AD3d 1047, 1048 [4th Dept 2006] [where the court determined that the trial court did not commit error by allowing evidentiary exhibits into the jury room during deliberations because, “th(e) exhibits (had been) admitted in evidence at trial, and thus the jury was entitled to take *835 them into the jury room during deliberations” (emphasis supplied)]).[3]
Here, as noted, the deliberating jury requested to view several exhibits, including People’s exhibit 5, the IDTU videotape of the defendant. This videotape had been played and referred to throughout the duration of the trial, and was only inoperable at summation. Although the People attempted to procure a suitable copy, they were unable to produce one of equal quality. The issue, therefore, is whether the unintentional, and inadvertent, destruction of an exhibit received in evidence at trial that deprives the jury of its use during deliberations constitutes a basis to set aside a verdict. This court concludes that it does not. Indeed, the defendant was not deprived of a fair trial, and any possible error resulting from the jury’s inability to view People’s exhibit 5 during deliberations was harmless. Moreover, nothing during any of the proceedings conducted before this court remotely suggests that the People failed to preserve the videotape, intentionally, unintentionally or inadvertently. In fact, it is patently obvious that the People did preserve it, provided a copy of it to the defendant and admitted it during the trial. Nevertheless, issues involving the preservation of evidence are matters of discovery, not grounds for a motion to set aside the verdict.
While the law concerning this issue is seemingly nonexistent, there is abundant precedent addressing evidence that is destroyed before being introduced at trial. When considering a situation where evidence has been lost or destroyed prior to trial, and the defendant is prejudiced as a result, “the court must impose an appropriate sanction” (People v Boyne, 174 AD2d 103, 109 [1st Dept 1992], quoting People v Martinez, 71 NY2d 937, 940 [1988]). Furthermore, “[t]he determination of what is appropriate is committed to the trial court’s sound discretion, and while the degree of prosecutorial fault may be considered, the court’s attention should focus primarily on the overriding need to eliminate prejudice to the defendant” (id.).
However, it is clear that when there is no prosecutorial misconduct and the defendant has not been prejudiced, sanctions are not necessarily required (see People v Lopez, 292 AD2d *836 395, 396 [2d Dept 2002] [where the court held that the “trial court properly exercised its discretion in not imposing a sanction upon the People for destruction of a tape recording . . . since the defendant failed to establish bad faith on the part of the People or the police in destroying the tape, or any prejudice to the defendant”]; see also People v La Mountain, 249 AD2d 584, 585-586 [3d Dept 1998] [where the court determined that since it was “unable to identify any prejudice that inured to defendant in consequence of the destruction of the tape ... [a] permissive adverse inference charge was an adequate sanction”]; see also People v Brister, 239 AD2d 513, 514 [2d Dept 1997] [where the court determined that trial court “could have declined to give any adverse inference charge because there was no evidence of prejudice to the defense and the defendant acknowledged that there was no bad faith on the part of the People”]).
As noted, the evidence only became unavailable after the defendant had a fair opportunity to view the videotape and vigorously cross-examine the witnesses (cf. People v Boyne, 174 AD2d at 109 [where the court determined that the absence of evidence “severely prejudiced defendant, by denying his counsel the opportunity of using that tape to cross examine”]). Moreover, it is clear that the videotape’s destruction was not the prosecution’s fault and indeed no such claim was made. Therefore, the key factor in determining whether to set aside the verdict in this case falls on whether the absence of the videotape in the jury room during deliberations prejudiced the defendant.
In People v Van Ostrand (157 AD2d 875 [3d Dept 1990]), an exhibit that the jury requested was inadvertently not delivered to the jury room during deliberation. The court (at 877) determined that the defendant was not prejudiced because “[t]he jury had [a] full opportunity to hear testimony concerning this item and their understanding of this testimony . . . would not have been heightened by the physical presence of this particular exhibit in the jury room.” Furthermore, there are even circumstances where allowing the jury to deliberate with unadmitted evidence is considered harmless. Certainly, “an unadmitted exhibit has not undergone the test of cross-examination, [and] its consideration by the jury directly infringes on the defendant’s right of confrontation” (People v Bouton, 50 NY2d 130, 137 [1980]). However, where such evidence does not play a part in the defendant’s verdict, it is not *837 considered to be prejudicial (see People v Smithwick, 88 AD2d 852 [1st Dept 1982]).
In order to establish a prima facie case for Vehicle and Traffic Law § 1192 (1), driving while ability impaired, “the People were required to show that defendant operated a motor vehicle while his ability to do so was impaired by the consumption of alcohol” (People v McDonald, 27 AD3d 949, 950 [3d Dept 2006]). Furthermore, “[c]onviction of [this] offense [does] not require proof of intoxication, but only that defendant’s driving ability was impaired to any extent” (id., quoting People v Lizzio, 178 AD2d 741, 742 [1991]).
Here, the arresting officers testified that they observed the defendant in the driver’s seat of his car, with the key in the ignition, and the engine running. The arresting officers also testified to the fact that there was a strong odor of alcohol emanating from the defendant’s breath and from his vehicle and that the defendant was observed to have bloodshot, watery eyes. Furthermore, one of the arresting officers testified that the defendant stated to him in Spanish, “You guys are here to arrest me because I am drunk, I’m sorry.” This was certainly sufficient evidence for the jury to properly conclude that defendant had been driving while ability impaired due to the consumption of alcohol. (See People v McDonald, 27 AD3d at 950.)
Accordingly, it is clear that the jurors’ inability to use the videotape during deliberation did not prejudice the defendant because the defendant had a full opportunity to examine the evidence during the trial, the jurors had a full opportunity to hear testimony regarding the evidence during the trial, and the evidence was not necessary for the jury to properly conclude that the defendant was guilty of Vehicle and Traffic Law § 1192 (1).
Defendant’s motion to set aside the verdict due to the unavailability of the videotape recording during jury deliberations is therefore denied.

. It should be noted that pursuant to defendant’s oral application made immediately after the jury rendered its verdict, this court directed both parties to submit papers documenting the application in writing and supporting it with any relevant law. The court has reviewed those papers and considered the parties’ respective arguments.

. See People’s affirmation in opposition to defendant’s application, ¶ 14, at 3

. It should be noted that this entitlement is not unlimited. As clearly indicated, such entitlement may be tempered by the objections of either party as well as the discretion of the judge. However, since the videotape was admitted in evidence without objection, and no objection was made to the jury’s request to view it during deliberations, this issue need not be discussed.