*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 11, 2015                    107014
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                        MEMORANDUM AND ORDER

RUDOLPH S. SINES,
                        Appellant.
_____


Calendar Date:  April 30, 2015

Before:  Lahtinen, J.P., Garry, Egan Jr. and Rose, JJ.

_____


        Bruce R. Bryan, Syracuse, for appellant.

        Gerald F. Mollen, Binghamton (David M. Petrush of counsel),
for respondent.

_____


Garry, J.

        Appeal from a judgment of the County Court of Broome County
(Cawley Jr., J.), rendered July 13, 2011, upon a verdict
convicting defendant of the crimes of aggravated unlicensed
operation of a motor vehicle in the first degree and driving
while ability impaired.

        Defendant was convicted by a jury of aggravated unlicensed
operation of a motor vehicle in the first degree and driving
while ability impaired stemming from his arrest in September 2009
in the Town of Chenango, Broome County.  He was sentenced to an
aggregate prison term of 1 to 3 years and now appeals.

        Defendant asserts that his conviction for driving while
ability impaired was not supported by legally sufficient evidence

and was against the weight of the evidence.  To meet their burden, the People were required to prove that defendant's driving was impaired to some extent due to the consumption of alcohol (see Vehicle and Traffic Law § 1192 [1]; People v McDonald, 27 AD3d 949, 950 [2006]).  At trial, the arresting officer testified that he pulled defendant over after observing that he made a turn without signaling and was swerving within his lane of travel.  Upon approaching the vehicle and requesting defendant's paperwork, the officer detected the odor of alcohol emanating from inside and observed that defendant had slurred speech and was behaving in a lethargic manner.  Defendant initially refused to comply with the officer's instructions and, instead, attempted to place a call on his cellular phone.  Thereafter, when attempting to comply with a second officer's demand that he exit the vehicle, defendant nearly fell and required the assistance of both officers to remain standing.  The officers each testified that, once out of the vehicle, defendant appeared unsteady and off balance and that they were able to identify the odor of alcohol on his breath.  Defendant refused to submit to field sobriety tests or a breath test.  He gave no response to the majority of the officers' questions, including whether he suffered from any medical conditions or a lack of sleep.

Upon review, we find that the testimony recounting defendant's erratic driving, the odor of alcohol on his breath and other indicia of impairment "was legally sufficient to permit a rational trier of fact to conclude – based upon reasonable, permissible inferences – that defendant had consumed alcohol and that all the elements of the traffic infraction of driving while [his] ability was impaired by alcohol were established beyond a reasonable doubt" (People v Crandall, 287 AD2d 881, 882 [2001], lv denied 97 NY2d 703 [2002]; see People v McDonald, 27 AD3d at 950; People v Lizzio, 178 AD2d 741, 742 [1991], lv denied 79 NY2d 921 [1992]).  Moreover, viewing the evidence in a neutral light, we are also satisfied that the verdict was in accord with the weight of the evidence (see People v Taylor, 104 AD3d 603, 604 [2013], lv denied 21 NY3d 947 [2013]; People v Pierce, 268 AD2d 883 [2000], lv denied 94 NY2d 924 [2000]; People v Gelster, 256

AD2d 1133, 1133 [1998]). In light of this determination, we need not address defendant's remaining contention.

Lahtinen, J.P., Egan Jr. and Rose, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court