The People of the State of New York, Respondent,
against
Edward P. Oliva, Appellant.



Appeal from three judgments of the City Court of White Plains, Westchester County (JoAnn Friia, J.), rendered June 23, 2014. The judgments convicted defendant, after a nonjury trial, of driving while ability impaired, and two charges of passing a red signal, respectively.




ORDERED that so much of the appeal as is from the two judgments of conviction of passing a red signal is dismissed as abandoned; and it is further,
ORDERED that the judgment of conviction of driving while ability impaired is affirmed.
Defendant was charged with common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), two charges of passing a red signal (Vehicle and Traffic Law § 1111 [d] [1]), and leaving the scene of an accident causing property damage (Vehicle and Traffic Law § 600 [1-a]). The latter charge was dismissed by the City Court. After a nonjury trial, defendant was found guilty of both charges of passing a red signal. Further, the City Court considered driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) as a lesser-included offense of common-law driving while intoxicated, and found defendant guilty of that lesser-included offense. Defendant appeals from all three judgments. As defendant raises no issues with respect to the judgments convicting him of passing a red signal, so much of the appeal as is from those judgments is dismissed as abandoned (see People v Bankupally, 51 Misc 3d 144[A], 2016 NY Slip Op 50710[U], *1-2 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).
At trial, White Plains Police Officer Kenneth Smith testified that, at approximately 3:45 a.m. on August 3, 2013, he was on patrol at a construction area on North Broadway, which was equipped with a seven-foot tall "light trailer," i.e., a trailer with lights to illuminate the area, an illuminated flashing arrow in the left lane directing traffic to move into the right lane, construction lights, and construction cones. Smith heard a loud noise behind him. He turned around and saw a Toyota SUV, driven by defendant, that had crashed into the trailer, which had collapsed due to the impact. When Smith walked to the vehicle, defendant sped away, ignoring Smith's orders to stop. Smith pursued the Toyota, which reached a speed of 80 miles per hour, and went through two steady red lights. Defendant stopped, on Virginia Road, about one and one-half miles from the crash site. When Smith ordered defendant to exit the vehicle, he mumbled, and did not comply. Smith noticed an odor of what appeared to be alcohol emanating from the vehicle. Smith physically removed defendant from the vehicle. Smith observed that defendant had "glassy" eyes, that his speech was slurred and somewhat incoherent, and that he was not responding like an average person would. Defendant needed assistance to walk to the patrol car of another officer, in which defendant was transported to White Plains Police Headquarters. Defendant refused to submit to standardized field sobriety tests. Defendant twice refused to undergo a breath test, at 4:09 a.m. and 4:40 a.m., respectively.
During cross-examination, Smith testified that he had not observed defendant's demeanor, coordination, balance, or manner of speaking prior to August 3, 2013. He did not interview the construction workers. During Smith's pursuit of defendant's vehicle, until defendant stopped on [*2]Virginia Road, Smith observed that defendant had been able to maintain his lane, and to properly change lanes. Defendant did not strike any other object after he left the scene of the crash. The area of North Broadway where the pursuit occurred is straight, with no turns or curves. Smith agreed that defendant was traveling in the direction of the Westchester County Medical Center.
Defendant's girlfriend, who owned the Toyota and was the passenger in the vehicle, was injured in the accident. Smith discovered her between the passenger seat and the dashboard, bleeding profusely; her head had hit the dashboard. She was taken to a hospital and diagnosed with, among other things, a broken nose. Her blood alcohol content was .26. Defendant's girlfriend testified that she and defendant had been working on the production of a community theater play. For several days prior to the opening night of the play on August 2, 2013, she and defendant worked many hours on the play, and did not get a lot of sleep. After the play ended, defendant and his girlfriend celebrated at two restaurants. She admitted that she had consumed five drinks, but claimed that defendant had consumed only one bottle of beer. Defendant's counsel contended at the trial that the accident had occurred because defendant had fallen asleep at the wheel.
Insofar as is relevant to this appeal, the City Court found defendant guilty of driving while ability impaired, rendering its decision from the bench, "since we have an audience here." 
On appeal, defendant argues, among other things, that his conviction of driving while ability impaired was not supported by legally sufficient evidence. Defendant contends that the People presented insufficient evidence that he was impaired by alcohol, and that the accident was caused by defendant's fatigue. He asserts that his alleged appearance of impairment stemmed from the shock of the accident and that he was able to maintain his lane and turn left onto Virginia Road during the high speed chase. For the first time on appeal, defendant claims that the City Court's decision and verdict were based, in part, on the presence of 20 White Plains police officers in the courtroom in a clear effort to influence the court's decision.
The People essentially argue that there was overwhelming evidence that defendant's ability to drive was impaired.
A defendant is guilty of driving while ability impaired pursuant to Vehicle and Traffic Law § 1192 (1) if the trial evidence establishes that "by voluntarily consuming alcohol, [the] defendant has actually impaired, to any extent, the physical and mental abilities which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver" (People v Cruz, 48 NY2d 419, 427 [1979]; see People v Litto, 8 NY3d 692, 706 [2007]). A conviction of driving while ability impaired "requires only a showing that the defendant's ability to operate a vehicle was impaired to some extent" (People v McNamara, 269 AD2d 544, 545 [2000]; see People v Sines, 129 AD3d 1220 [2015]). The proof necessary to support a conviction of driving while ability impaired is "far less rigorous" than that required to prove intoxication (People v Reding, 167 AD2d 716, 717 [1990]; People v Yankovich, 39 Misc 3d 133[A], 2013 NY Slip Op 50530[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]; People v Netusil, 34 Misc 3d 137[A], 2011 NY Slip Op 52410[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]).
In the case at bar, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to support defendant's conviction of the lesser-included offense of driving while ability impaired (see People v Menegan, 107 AD3d 1166, 1169 [2013]; People v Sykes, 31 Misc 3d 126[A], 2011 NY Slip Op 50442[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; People v Gertz, 189 Misc 2d 315, 316 [App Term, 2d Dept, 9th & 10th Jud Dists 2001]). Defendant was involved in a one-car accident, in which he collided with a trailer in a construction zone, collapsing the trailer. Defendant's girlfriend testified that defendant had consumed one bottle of beer. Both Smith and another White Plains police officer testified that an odor of an alcoholic beverage emanated from defendant, that he had glassy eyes, that his speech was slurred, and that he was unable to walk without assistance from Officer Smith's patrol car to the patrol car in which he was transported to police headquarters.
Defendant's claim that his condition was based solely on the effects of the accident is [*3]without merit. There was no evidence that defendant was injured or in any pain as a result of the collision with the trailer. Nor did defendant stop and remain at the scene of the accident when he collided with the trailer. Instead, he reacted to the accident by fleeing from the scene on North Broadway at 80 miles per hour for more than one mile, with Officer Smith in pursuit (cf. People v Belakh, 21 Misc 3d 136[A], 2008 NY Slip Op 52215[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; People v Wenz, 12 Misc 3d 134[A], 2006 NY Slip Op 51194[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]; People v Schulman, 31 Misc 3d 1233[A], 2011 NY Slip Op 50971[U] [Town of Parma Just Ct 2011]; People v Koch, 135 Misc 2d 352 [Rochester City Ct 1987]). While the road was straight and defendant was able to maintain his lane, he admittedly drove through two red lights. Furthermore, testimony as to defendant's refusal to submit to a breath test was admissible in evidence at the trial (see Vehicle and Traffic Law § 1194 [2] [f]) "to permit the inference of consciousness of guilt, i.e., that defendant refused to take the test because of his apprehension as to whether he would pass it' " (People v Smith, 18 NY3d 544, 550 [2012], quoting People v Thomas, 46 NY2d 100, 106 [1978]; see People v McDonald, 27 AD3d 949, 950 [2006]).
Finally, defendant's claim that the City Court's verdict was influenced by the presence of 20 White Plains police officers in the courtroom is unpreserved for appellate review, as it was not raised in the court below, and is based on matter dehors the record.
Accordingly, the judgment convicting defendant of driving while ability impaired is affirmed.
Marano, P.J., Iannacci and Brands, JJ., concur.
Decision Date: August 01, 2016