The People of the State of New York, Respondent, 
against
Ian Whitfield Scott, Appellant.




Appellate Advocates (Meredith S. Holt of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Ann Bordley and Kristen A. Carroll of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Dena E. Douglas, J.), rendered June 15, 2015. The judgment convicted defendant, after a nonjury trial, of driving while ability impaired.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged with, among other things, failing to stop at a stop sign (Vehicle and Traffic Law § 1172 [a]) and driving while ability impaired (Vehicle and Traffic Law § 1192 [1]). Following a nonjury trial, defendant was convicted of driving while ability impaired and acquitted of failing to stop at a stop sign. On appeal, defendant contends that his conviction was not supported by legally sufficient evidence and was against the weight of the evidence.
To convict defendant of driving while ability impaired, the People had to prove, beyond a reasonable doubt, that, "by voluntarily consuming alcohol, . . . defendant has actually impaired, to any extent, the physical and mental abilities which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver" (People v Cruz, 48 NY2d 419, 427 [1979]; see Vehicle and Traffic Law § 1192 [1]; People v Litto, 8 NY3d 692, 706 [2007]; People v McNamara, 269 AD2d 544, 545 [2000]). At trial, the arresting officer testified that he had pulled defendant over after observing that defendant had made a "very wide" turn, with the tires screeching, at an intersection in a residential area; had adjusted the course of his vehicle to go back to the proper lane following that turn; and had operated his vehicle in a dangerous manner that forced the officer to "jolt out of the way" to avoid being hit by defendant's vehicle. Immediately after defendant exited the vehicle, the officer observed that defendant was "stumbling towards" him. Defendant ignored the officer's repeated commands to return to his vehicle; instead, defendant continued to approach the officer and began cursing at him. The officer detected a "very strong" odor of alcohol on defendant's breath and observed that defendant had watery and bloodshot eyes, a flushed face and disheveled clothing. Defendant was arrested and transported to the precinct, where defendant became so belligerent that he was deemed to be [*2]in need of medical attention and was thereafter transported to a hospital. While in the hospital, defendant refused to submit to a blood test and continued to behave in an aggressive manner. The officer who was assigned to administer the test on defendant observed that defendant had bloodshot and watery eyes, slurred speech and a "very strong" odor of alcohol on his breath. The officers each opined at trial that defendant was under the influence of alcohol. 
We find that the foregoing testimony recounting defendant's erratic driving and other indicia of impairment was legally sufficient to permit a rational trier of fact to conclude that defendant was guilty of driving while ability impaired beyond a reasonable doubt (see Vehicle and Traffic Law § 1192 [1]; People v Sines, 129 AD3d 1220, 1220-1221 [2015]; People v Lizzio, 178 AD2d 741, 742 [1991]). Moreover, upon exercising our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the trial court's credibility determinations (People v Romero, 7 NY3d 633, 644 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we are satisfied that the verdict was not against the weight of the evidence (see People v Taylor, 104 AD3d 603, 604 [2013]; People v Lizzio, 178 AD2d at 742). Defendant's acquittal of failing to stop at a stop sign does not undermine the weight of the evidence supporting the guilty verdict (see People v Abraham, 22 NY3d 140, 147 [2013]; People v Ellis, 133 AD3d 777, 778 [2015]; People v Martinez, 63 AD3d 859, 860 [2009]; People v Wright, 54 Misc 3d 128[A], 2016 NY Slip Op 51807[U] [App Term, 1st Dept 2016]).
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 15, 2018