The People of the State of New York, Respondent,
against
Djani Johnson, Appellant.




New York City Legal Aid Society (Elizabeth L. Isaacs of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Ruth E. Ross and Daniel Berman of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Curtis J. Farber, J.), rendered April 18, 2016. The judgment convicted defendant, after a nonjury trial, of driving while ability impaired, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Following a nonjury trial, defendant was convicted of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]). On appeal, defendant contends that the conviction was against the weight of the evidence.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Romero, 7 NY3d 633, 644 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Here, the credible testimony amply supports defendant's conviction of driving while ability impaired, which required nothing more than a showing that defendant's ability to operate a motor vehicle as a reasonable and prudent driver was impaired to any extent by the voluntary consumption of alcohol (see People v Litto, 8 NY3d 692, 706 [2007]; People v Cruz, 48 NY2d 419, 427 [1979]; People v McNamara, 269 AD2d 544, 545 [2000]). 
The testimony established that defendant had fallen asleep behind the wheel after he had stopped his vehicle at a red light, thereby obstructing traffic. Two officers, who had been traveling in a marked police vehicle that had stopped behind defendant's vehicle at the red light, detected an odor of alcohol on defendant's breath upon approaching him and observed that defendant struggled to maintain his balance while being questioned at the scene. One of the officers also observed that defendant had watery, bloodshot eyes, that he was slow in responding to her orders and that his speech was incoherent. Both officers opined that defendant's ability to operate his vehicle had been impaired. Furthermore, defendant admitted that he had "had a few beers," refused to submit to a breath test and ultimately consented to undergo an eye test, the result of which indicated that defendant was under the influence of an alcoholic beverage. The officer who administered the eye test also observed defendant's watery, bloodshot eyes and detected the odor of alcohol on defendant's breath. 
In view of the foregoing, we are satisfied that the verdict was not against the weight of the evidence (see People v Taylor, 104 AD3d 603, 604 [2013]; People v Lizzio, 178 AD2d 741, 742 [1991]; People v Monk, 177 AD2d 602, 603 [1991]; People v Lloyd, 49 Misc 3d 135[A], 2015 NY Slip Op 51475[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Sykes, 31 Misc 3d 126[A], 2011 NY Slip Op 50442[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; compare People v Belakh, 21 Misc 3d 136[A], 2008 NY Slip Op 52215[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). 
Accordingly, the judgment of conviction is affirmed.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 28, 2018