The People of the State of New York, Respondent,
against
Sabrina Fields, Appellant.




New York City Legal Aid Society (Rachel L. Pecker of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Joyce Slevin and Dmitriy Povazhuk of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Joanne D. Quiñones, J.), rendered January 13, 2016. The judgment convicted defendant, after a nonjury trial, of passing a red light, driving while ability impaired, and driving without a seat belt, and imposed sentence. The appeal from the judgment of conviction brings up for review an order of that court (Laura R. Johnson, J.) dated July 7, 2015 denying defendant's motion to dismiss the accusatory instrument on constitutional speedy trial grounds.




ORDERED that the judgment of conviction is affirmed.
In October 2013, defendant was arraigned upon an accusatory instrument charging her with passing a red light (Vehicle and Traffic Law § 1111 [d] [1]), driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), and driving without a seat belt (Vehicle and Traffic Law § 1229-c [3]). The counts of driving while intoxicated (per se) and driving while intoxicated (common law) were dismissed in June 2015.
In June 2015, defendant moved to dismiss the accusatory instrument on constitutional (see CPL 30.20) speedy trial grounds. By order dated July 7, 2015, the Criminal Court denied the motion. Following a nonjury trial, defendant was convicted of the remaining three charges of passing a red light, driving while ability impaired, and driving without a seat belt.
In order to determine whether a defendant was denied her constitutional right to a speedy trial pursuant to CPL 30.20, the following factors must be considered: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any [*2]indication that the defense has been impaired by reason of the delay" (People v Taranovich, 37 NY2d 442, 445 [1975]). Upon applying these factors in the case at bar, we agree with the Criminal Court that defendant was not denied her constitutional right to a speedy trial (see People v Pena-Encarnacion, 59 Misc 3d 133[A], 2018 NY Slip Op 50485[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; People v Keane, 47 Misc 3d 136[A], 2015 NY Slip Op 50497[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Long, 44 Misc 3d 126[A], 2014 NY Slip Op 50949[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]), particularly since defendant was not incarcerated for any period of time and she did not demonstrate that any prejudice had resulted from the delay or that her defense had been impaired. While there was a protracted delay here, such delay will not "in and of itself be sufficient to warrant the drastic measure of dismissal" (People v Taranovich, 37 NY2d at 446).
Pursuant to Vehicle and Traffic Law § 1192 (1), a defendant is guilty of driving while ability impaired if the evidence adduced at trial shows that "by voluntarily consuming alcohol . . . defendant has actually impaired, to any extent, the physical and mental abilities which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver" (People v Cruz, 48 NY2d 419, 427 [1979]). A conviction of the "offense of driving while impaired . . . requires only a showing that the defendant's ability to operate a vehicle was impaired to some extent" (People v McNamara, 269 AD2d 544, 545 [2000]). Compared to proof of intoxication, the proof necessary to support a conviction of driving while impaired is "far less rigorous" (People v Reding, 167 AD2d 716, 717 [1990]). At trial, a police officer testified that, after pulling defendant over for passing through a steady red light and driving without a seat belt, he observed that defendant had red, watery eyes, an odor of alcohol emanated from her breath and her speech was slurred. Defendant admitted to the officer that she had had a drink. In the officer's opinion, defendant was intoxicated. Furthermore, defendant's blood alcohol content was measured by an Intoxilyzer 5000-EN instrument at 0.9 of one percent, which is "relevant evidence" of impairment (Vehicle and Traffic Law § 1195 [2] [b]). Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish defendant's guilt of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) beyond a reasonable doubt. The evidence was also legally sufficient to establish defendant's guilt of passing a red light and driving without a seat belt (see People v Trinche, 26 Misc 3d 143[A], 2010 NY Slip Op 50419[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]).
Moreover, upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the trier of fact's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 31, 2019