■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD P. MCNAMARA, Appellant. [704 NYS2d 100] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered May 5, 1999, convicting him of driving while intoxicated as a felony, operation of an unregistered vehicle, operation of a motor vehicle with improper number plates, and failure to activate hazard lights, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the charges of driving while intoxicated and failure to activate hazard lights beyond a reasonable doubt (*see,* Vehicle and Traffic Law § 1163 [e]; § 1192 [3]; *People v Saplin*, 122 AD2d 498).

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The court properly declined to submit to the jury the charge of driving while impaired as a lesser-included offense of driving while intoxicated. The crime of driving while intoxicated requires a showing that the defendant "is incapable of employing the physical and mental abilities which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver" (*People v Cruz,* 48 NY2d 419, 428, *appeal dismissed* 446 US 901). The lesser offense of driving while impaired, however, requires only a showing that the defendant's ability to operate a vehicle was impaired to some extent (*see, People v Cruz, supra*; *People v Hoag,* 51 NY2d 632). There is no reasonable view of the evidence which would support a finding that the defendant committed the lesser offense but not the greater (*see, People v Glover,* 57 NY2d 61; *cf., People v Maharaj,* 89 NY2d 997; *People v Hoag, supra*). At the time the police discovered the defendant, his vehicle was partially blocking a traffic lane, he was initially unresponsive when questioned, and he was incapable of walking or putting on his shoes without assistance.

The defendant's remaining contention is without merit. O'Brien, J. P., Friedmann, Florio and Schmidt, JJ., concur.