STATE of Indiana, Appellant
(Plaintiff below),

v.

Loren AKINS, Appellee
(Defendant below).

No. 79S05–0402–CR–93.

Supreme Court of Indiana.

March 30, 2005.

Steve Carter Attorney General of Indiana, Andrew A. Kobe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

ON PETITION TO TRANSFER FROM
   THE INDIANA COURT OF AP-
   PEALS, NO. 79A05–0210–CR–520.

DICKSON, Justice.

In this interlocutory appeal, the State challenges the decision of the trial court granting the defendant's motion to dismiss Count II, which charged as a class D felony that the defendant operated a vehicle while intoxicated while having a prior conviction for operating a vehicle while intoxicated.[1] The issue is whether the defendant's prior conviction in Michigan qualifies to subject the defendant to the class D felony charge. The Court of Appeals affirmed the dismissal. *State v. Akins,* 795 N.E.2d 1093 (Ind.Ct.App.2003). We granted transfer, 812 N.E.2d 796 (Ind. 2004), and now reverse.

■ The Court notes that the defendant has chosen not to file an appellee's brief either at the Court of Appeals or before this Court. This does not mean the defendant has conceded that the State's position is correct. *See Lutheran Hosp. of Fort Wayne, Inc. v. State Dep't of Public Welfare,* 571 N.E.2d 542, 544 n. 1 (Ind.1991). It does mean, however, that we may apply a less stringent standard of review: the State needs only to make a prima facie showing of error to merit reversal. *See In re Marriage of Ransom,* 531 N.E.2d 1171, 1172 (Ind.1988); *Fagan v. Royer,* 244 Ind. 377, 193 N.E.2d 64 (1963); *City of Connersville v. Adams,* 122 Ind.App. 581, 584–585, 105 N.E.2d 912, 913–14 (1952). Because we conclude that the dismissal was incorrect as a matter of law, however, we do not apply this lesser standard of review in this case.

The dismissed Count II charged the defendant with a class D felony under Indiana Code § 9–30–5–3, under which a person operating a vehicle while intoxicated in violation of "section 1 or 2 of this chapter[2] commits a Class D felony if . . . the person has a previous conviction of operating while intoxicated that occurred within the five (5) years immediately preceding the occurrence of the violation of section 1 or 2 of this chapter." The phrase "previous conviction of operating while intoxicated" is defined in relevant part as a previous conviction "[i]n any other jurisdiction in which the elements of the crime for which the conviction was entered are substantially similar to the elements of a crime described in Indiana Code sections 9–30–5–1 through 9–30–5–9." Ind.Code § 9–13–2–130.

■ Count II charged that the defendant was convicted December 6, 1999, of operating a vehicle while intoxicated in Berrien District Court, Berrien County, Michigan. In support of its motion to correct error, the State submitted evidence of the defendant's said Michigan conviction upon the charge that he "did operate a vehicle . . . while being under the influence of intoxicating liquor, or having an alcohol content of 0.10 grams or more per 100 milliliters of blood; contrary to MCL 257.625(1); MSA 9.2325(1). [257.6251–A]" Appellant's Appendix at 68, 73.

The effect of Count II in this case would be to subject the defendant, as to the offense of driving while intoxicated, to greater penal consequences if the elements of his 1999 Michigan conviction "are substantially similar to the elements of a crime described in Indiana Code sections 9–30–5–1 through 9–30–5–9." Ind.Code

---

**1.** Ind.Code § 9–30–5–3.

**2.** The defendant is charged in Count I with violating Section 2 under which operating a vehicle while intoxicated is a class A misde-

meanor if "the person operates a vehicle in a manner that endangers a person." Ind.Code § 9–30–5–2.

§ 9–13–2–130. The Court of Appeals majority compared the Michigan statute to the Indiana statute as they both existed in 1999 at the time of the Michigan conviction, and found that the two statutes were not substantially similar. *Akins,* 795 N.E.2d at 1097; *see also id.* at 1097 n. 3. Judge Sharpnack disagreed, and we agree with his dissent on this point. The correct comparison is between the Michigan statute under which the defendant was convicted and the Indiana statute at the time of the Indiana offense.

Our statutory definition of "previous conviction of operating while intoxicated" does not require that the other jurisdiction's statutory elements *were* substantially similar, but rather that they *are* substantially similar to the elements of the Indiana crime. Ind.Code § 9–13–2–130. This understanding is bolstered by *State v. Geise,* 596 N.E.2d 244, 245–46 (Ind.Ct.App. 1992), where the court relied upon the language of the statute at the time of the offense to conclude that the defendant did not have a "previous conviction," despite the fact that, prior to modification of the statute a year before, the defendant would have been deemed to have had a previous conviction. Judge Sharpnack's interpretation is the correct one: the language of the Indiana statute in effect at the time of the Indiana offense should control.

▪ In Michigan, the defendant was charged with and pled guilty to violation of section 257.625(1). Thus, in accordance with Indiana Code § 9–13–2–130, the issue is whether the elements of Michigan Compiled Laws section 257.625(1) are substantially similar to the elements of a crime described in Indiana Code sections 9–30–5–1 through 9–30–5–9. The Michigan statute provided in relevant part:

A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if either of the following applies:

(a) The person is under the influence of intoxicating liquor, a controlled substance, or a combination of intoxicating liquor and a controlled substance.

(b) The person has an alcohol content of 0.10 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine.

Michigan Compiled Laws section 257.625(1), effective October 1, 1999. The defendant was charged under this statute with operating a vehicle "while being under the influence of intoxicating liquor, *or* having an alcohol content of 0.10 grams or more per 100 milliliters of blood." Appellant's Appendix at 68 (emphasis added). The record does not designate whether the defendant's conviction was based on his violation of subsections (a) or (b) of the statute.

The elements of subsection (a) of the Michigan statute are substantially similar to the elements of the crime described in Indiana Code § 9–30–5–2(a), which provides that "a person who operates a vehicle while intoxicated commits a Class C misdemeanor." "Intoxicated" in the Indiana statute is defined as being under the influence of alcohol "so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Ind.Code § 9–13–2–86. Subsection (a) of the Michigan statute is violated where a driver "is substantially deprived of ... normal control or clarity of mind" while driving, or the driver's ability is "*substantially and materially affected* by consumption of intoxicating liquor." *Oxendine v. Sec'y of State,* 237 Mich.App. 346, 602 N.W.2d 847, 851 (1999) (emphasis in original), appeal denied. We find little difference between Indiana's "impaired

condition of thought and action and the loss of normal control" and Michigan's impaired control and mental clarity or driving ability that is "substantially and materially affected." The Michigan standard does not require a greater showing of impairment than that required by Indiana Code § 9–30–5–2(a). Though phrased somewhat differently, subsection (a) of the Michigan statute nevertheless describes elements that are substantially similar to those in subsection 2(a) of the Indiana statute.

Likewise, the elements of subsection (b) of the Michigan statute are substantially similar to the elements of the crime described in Indiana Code § 9–30–5–1(a), which provides:

> A person who operates a vehicle with an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol but less than fifteen-hundredths (0.15) gram of alcohol per:
>
> (1) one hundred (100) milliliters of the person's blood; or
>
> (2) two hundred ten (210) liters of the person's breath; commits a Class C misdemeanor.

The fact that the alcohol concentration per 100 milliliters required by Michigan was 0.10 gram in contrast to 0.08 required by Indiana does not prevent a finding of substantial similarity. Violation of the Michigan standard required a degree of intoxication greater than that under the Indiana statute, and thus the elements of subsection (b) of the Michigan statute are substantially similar to those in subsection 1(a) of the Indiana statute.

Therefore, because the defendant's prior Michigan conviction was under either or both subsections (a) and (b) of Michigan Compiled Laws section 257.625(1), and because these subsections are substantially similar to Indiana Code §§ 9–30–5–2(a) and 9–20–5–1(a), respectively, the State may properly proceed under Count II under Indiana Code § 9–30–5–3 on grounds that the defendant has a previous conviction of operating while intoxicated within the past five years in a jurisdiction in which the elements of the crime are substantially similar to the elements of a crime described in Indiana Code §§ 9–30–5–1 through 9–30–5–9.

We reverse the trial court order granting the defendant's motion to dismiss Count II and remand this cause for further proceedings.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.