**75** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER LAROCCO, Appellant. [811 NYS2d 588]—Appeal by the defendant from a judgment of the County Court, Rockland County (Resnik, J.), rendered February 25, 2003, convicting him of driving while intoxicated as a felony (two counts), and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to present legally sufficient evidence to prove that he was driving while intoxicated is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *People v Udzinski*, 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the defendant was driving while intoxicated (*see* Vehicle and Traffic Law § 1192 [3]; *People v Ardila*, 85 NY2d 846 [1995]; *People v McNamara*, 269 AD2d 544 [2000]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Prudenti, P.J., Krausman, Mastro and Fisher, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN LAVALLE, Appellant. [812 NYS2d 930]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Suffolk County (Mullen, J.), imposed August 9, 2004, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed. No opinion. Florio, J.P., Crane, Luciano and Fisher, JJ., concur.