David HOFFMAN, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 03A01–1104–CR–180.

Court of Appeals of Indiana.

Nov. 17, 2011.

John L. Tompkins, Brown Tompkins Lory & Mastrian, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Attorney for Appellee.

## OPINION

BAKER, Judge.

Here, we are confronted with whether punishment exacted by a branch of the United States Armed Forces on one of its members for conduct off-installation in Indiana prevents the State from prosecuting the individual for that same conduct. We are asked to conclude that it does without a complete record as to the nature of or grounds for the military punishment. In instances such as this, a complete record is essential not just to determine whether the military punishment was, in fact, for the same offense, but also because it may have been non-judicial in nature. Accordingly, where, as here, the defendant fails to provide a complete record, we decline to conclude that the action taken by the military prevents the State from prosecuting the defendant for the same conduct.

Appellant-defendant David Hoffman appeals the trial court's denial of his motion to dismiss pursuant to Indiana Code section 35–41–4–5 (double jeopardy statute). More specifically, Hoffman argues that the trial court erred in determining that action taken by the United States Army (Army) did not bar the State's charge of Operating a Motor Vehicle While Intoxicated,[1] a class A misdemeanor. Because the State has already tried and convicted him on the

---

1. Ind.Code § 9–30–5–2(b)

charge, we consider whether Hoffman's conviction violates the double jeopardy statute. Concluding that Hoffman has failed to show that the Army has already prosecuted him for the same offense, we affirm his conviction.

### FACTS

On December 20, 2009, Hoffman was an active-duty sergeant in the Army stationed at Camp Atterbury north of Columbus. That same day, Hoffman was arrested for operating a vehicle while intoxicated, and the State later charged Hoffman with that offense. Hoffman alleges that, prior to his trial in Indiana, the Army "took action against him for the same incident" Appellant's Br. p. 3.

Hoffman filed a motion to dismiss the charges pursuant to Indiana Code section 35–41–4–5, claiming that the charges should be dismissed on double jeopardy grounds.[2] At a pre-trial hearing on November 8, 2010, Hoffman testified that the military "took action" based on his arrest on December 20, 2009, for operating a vehicle while intoxicated. Appellant's App. p. 60–61. He further testified that he was found guilty at a proceeding before a board involving sworn witnesses and the presentation of evidence. *Id.* at 61. As a result, Hoffman received a forfeiture in grade of rank. *Id.* at 34, 61.

In support of his contention, Hoffman only provided the trial court a copy of his reduction in grade of rank order. *Id.* at 34. The order states that Hoffman has been reduced in grade of rank from sergeant to specialist and lists the authority for the reduction as paragraphs 10–16, 17, and 18 of the U.S. Department of Army, Regulation 600–8–19, Enlisted Promotions and Reduction. At the pre-trial hearing on November 8, 2010, Hoffman stated that

he had requested the transcripts from the hearing that the Army held that resulted in his reduction in grade of rank, but the Army had yet to respond. Appellant's App. p. 62.

The trial court denied the motion to dismiss. It found that the military proceedings were disciplinary in nature, the military punishment in no way mirrored the punishment Hoffman would receive from the State, and, therefore, double jeopardy prohibitions did not apply.

After a bench trial, the trial court found Hoffman guilty of operating a motor vehicle while intoxicated. Hoffman now appeals.

### DISCUSSION AND DECISION

█ We first note that the State has failed to file an appellee's brief. "The obligation of controverting arguments presented by the appellant properly remains with the State." *Mateyko v. State*, 901 N.E.2d 554, 557 (Ind.Ct.App.2009). Where, as here, the appellee fails to submit a brief, the appellant may prevail by making a prima facie case of error, i.e., an error at first sight or appearance. *Id.* Still, we must correctly apply the law to the facts of the record to determine if reversal is required. *Id.*

█ On appeal, Hoffman argues that the trial court erred when it denied his motion to dismiss because he was already convicted by the Army for the same conduct. But, Hoffman's appeal comes after he has been tried and convicted by the State of operating a motor vehicle while intoxicated charge. Therefore, we will determine whether the conviction violates the double jeopardy statute.

Indiana's double jeopardy statute provides:

2. Hoffman failed to include the motion in his      appendix on appeal.

In a case in which the alleged conduct constitutes an offense within the concurrent jurisdiction of Indiana and another jurisdiction, a former prosecution in any other jurisdiction is a bar to a subsequent prosecution for the same conduct in Indiana, if the former *prosecution* resulted in an acquittal or a conviction of the defendant or in an improper termination under section 3 of this chapter.

Ind.Code § 35–41–4–5 (emphasis added). More to the point, a former conviction in any other jurisdiction bars subsequent prosecution by this State for the "same conduct." *Swenson v. State*, 868 N.E.2d 540, 542 (Ind.Ct.App.2007).

Hoffman has failed to show that the Army prosecuted him for the same conduct he was convicted of in Indiana. Experience tells us that any punishment may have been the result of administrative rather than judicial action. Under the Uniform Code of Military Justice, military commanders can punish service personnel through judicial proceedings—taking the form of general, special, or summary courts martial—or by imposing non-judicial punishment (NJP). *Piersall v. Winter*, 507 F.Supp.2d 23, 29 (D.D.C.2007). For most purposes, NJP is deemed an administrative rather than a criminal proceeding. *Id.* Further, a commanding officer may order as NJP a reduction to the next inferior pay grade. Art. 15, Uniform Code of Military Justice, 10 U.S.C.A. § 815.

Here, Hoffman claims that the military prosecuted and convicted him for the same conduct. Other than his own testimony, the only evidence Hoffman provided is his reduction in rank order. The order reflects that Hoffman was reduced in rank from Sergeant to the next inferior rank of Specialist. Appellant's App. p. 34. Also, that order lists the authority for Hoffman's punishment as paragraphs 10–16, 17, and 18 of the U.S. Department of Army, Regulation. 600–8–19, Enlisted Promotions and Reduction. Those paragraphs reflect that Hoffman's reduction was for failure to complete training, unsatisfactory participation, and failure to complete or attend noncommissioned officers education system, respectively. U.S. Dep't of Army, Reg. 600–8–19, Enlisted Promotions and Reduction (2008).[3]

We find that the record lacks any clear evidence to establish that the type of punishment that Hoffman received from the Army was equivalent to a prosecution and, in fact, undermines Hoffman's assertion that the punishment was for operating a vehicle while intoxicated. Without more, we cannot conclude that Hoffman was *prosecuted* by the Army. Moreover, we cannot conclude from the record that the reduction in rank is a consequence of the same conduct. Therefore, we hold that Hoffman's conviction is not barred on double jeopardy grounds.

The judgment of the trial court is affirmed.

KIRSCH, J., and BROWN, J., concur.

---

**3.** This regulation was superseded on April, 30 2010. U.S. Dep't of Army. Reg. 600–8–19 (2010).