**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 08 2013, 10:30 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ANTHONY J. GIPSON**
Bunker Hill, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY J. GIPSON, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 46A04-1304-CR-154 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE LAPORTE SUPERIOR COURT
The Honorable Kathleen B. Lang, Judge
Cause No. 46D01-0909-FC-189

**August 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

## STATEMENT OF THE CASE

Anthony J. Gipson appeals the denial of his Petition for Credit Time Not Previously Awarded by Department of Correction. We reverse and remand.

## ISSUE

Gipson raises four issues, which we consolidate and restate as: whether the trial court erred by denying Gipson's request for educational and vocational credit time.

## FACTS AND PROCEDURAL HISTORY

Gipson is serving a five-year term for the crime of escape as a Class C felony.[1] During his incarceration, Gipson has obtained a General Education Diploma (GED), a certificate for completing an anger management program, a certificate for completing an environmental design program, a certificate for completing a business technology program, and a certificate from Microsoft for completing a program of study on Microsoft Office.

On February 12, 2013, Gipson filed a Petition for Credit Time Not Previously Awarded by Department of Correction. On February 20, the court denied Gipson's petition without a response from the State or a hearing, concluding:

> Gipson fails to provide evidence that the above listed programs have been determined to be credit time eligible by the Department, and that he has met the behavioral criterion set out in the statute to be eligible to earn the credit time requested. Furthermore, defendant fails to show that he has exhausted all remedies afforded by the DOC's grievance policies prior to filing this Petition.

---

[1] The sentence was imposed on June 10, 2010. If Gipson received credit against his sentence for good behavior while incarcerated, he might have finished serving his sentence by now. However, according to the address on Gipson's Appellant's Brief, he remains incarcerated as of the date the brief was filed. In the absence of argument from the State that the appeal is moot, we address Gipson's appeal.

2

Appellant's App. pp. 19-20. This appeal followed.

DISCUSSION AND DECISION

Gipson argues that he is entitled to credit time against his sentence for his educational and vocational accomplishments. Post-conviction proceedings are the appropriate procedure for considering properly presented claims for educational credit time. *Young v. State*, 888 N.E.2d 1255, 1256 (Ind. 2008). In general, a petitioner for post-conviction relief who appeals the denial of his petition must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. *Pruitt v. State*, 903 N.E.2d 899, 905 (Ind. 2009). However, in this case the State chose not to file an Appellee's Brief, instead filing a Notice of Non-Involvement. When an appellee fails to file a brief, we apply a less stringent standard of review. *State v. Akins*, 824 N.E.2d 676, 677 (Ind. 2005). Specifically, the appellant need only establish a prima facie showing of error to merit reversal. *Id.* Prima facie error is an error at first sight or appearance. *Hoffman v. State*, 957 N.E.2d 992, 993 (Ind. Ct. App. 2011).

Under Indiana Post-Conviction Rule 1(4), the local prosecuting attorney shall respond by answer to a petition within thirty days after the filing of the petition, or by any further "reasonable" deadline set by the court. In this case, the court denied Gipson's petition without waiting for a response from the State. Furthermore, the clerk of the post-conviction court is required to send a copy of the petition to the prosecuting attorney, which presumably helps to notify the State of the petition and the need to file a response.

3

Ind. Post-Conviction Rule 1(2). The record fails to indicate that the clerk delivered a copy of Gipson's petition to the prosecutor.

We also note that the court denied Gipson's petition without holding a hearing. Under Indiana Post-Conviction Rule 1(5), the court may hold an evidentiary hearing on a petition such as Gipson's, and there shall be no jury. The Post-Conviction Rules also identify circumstances under which a post-conviction court may dispose of a petition without an evidentiary hearing. If a petitioner elects to proceed pro se, "the court may at its discretion order the cause submitted upon affidavit." Ind. Post-Conviction Rule 1(9)(b). In addition, either party may request summary disposition of the post-conviction petition, and when such a request is made, the post-conviction court shall resolve the matter based upon the parties' submissions unless an issue of material fact is raised. Ind. Post-Conviction Rule 1(4)(g). If the court determines that there is an issue of material fact, then an evidentiary hearing must be held.[2] *Id.*

We conclude that this case must be remanded for further proceedings. The State did not have an opportunity to file a response to Gipson's petition. In addition, the court did not order the case resolved by affidavit, and no affidavits were filed. Gipson has presented a prima facie case of error. *See Wilson v. State*, 785 N.E.2d 1152, 1155 (Ind. Ct. App. 2003) (remanding for further proceedings on Wilson's petition for educational credit time where Wilson alleged that he had met the requirements for such credit and the

---

[2] Furthermore, if the State Public Defender elects to represent a petitioner, then the State has sixty days to respond to the petition. Ind. Post-Conviction Rule 1(4)(f). If the parties' documents "conclusively show" that the petitioner is not entitled to relief, the court may deny the petition without further proceedings. *Id.* This provision is not at issue here because Gipson is proceeding pro se.

post-conviction court denied the petition seven days after filing, without giving the State time to respond). Pursuant to Indiana Post-Conviction Rule 1(2), the court should direct the clerk to send a copy of Gipson's petition to the prosecuting attorney. In addition, as in *Wilson*, we direct the court to allow the State time to file an answer to the petition. Nothing in this opinion precludes resolution of Gipson's petition by affidavit or by summary disposition, if the requirements are met. We express no opinion on the merits of his petition.

CONCLUSION

For the reasons stated above, we reverse the judgment of the trial court and remand for further proceedings not inconsistent with this opinion.

Reversed and remanded.

RILEY, J., and BAILEY, J., concur.