**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 04 2014, 8:54 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

FRANK R. MARTINEZ, III
Highland, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GINA VRANKIN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1403-DR-099 |
| | ) | |
| TITAN VRANKIN, | ) | |
| | ) | |
| Appellee-. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT CIVIL DIVISION 3
The Honorable Elizabeth F. Tavitas, Judge
The Honorable Nanette Raduenz, Magistrate
Cause No. 45D03-1209-DR-00751

**December 4, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Titan Vrankin and Gina Vrankin were married in October 2008 and separated almost 4 years later. They were divorced by a decree of dissolution entered in August 2013. No children were born to the marriage and virtually the only issue at the contested final hearing was whether and to what extent the court should deviate from the presumptive equal division of property. Gina also asked for an award of attorney fees under Ind. Code Ann. § 31-15-10-1 (West, Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly). The court granted that request and awarded her $500. Upon appeal, Gina contends that the trial court erred in not awarding a greater amount.

We affirm.

The underlying facts are brief and undisputed. Titan and Gina were married in 2008 and Titan filed for divorce in 2012. Titan contended that this was necessitated by Gina's abusive treatment of him. The parties had no children and agreed as to the valuation of the marital assets. They could not agree, however, as to whether the circumstances justified a deviation from the presumptive equal division of marital assets. We need not detail their respective arguments on that question because they are not relevant to the issue that Gina presents. Essentially, she contends that the size of the award of attorney fees is far short of the amount to which the evidence indicates she was entitled. The trial court awarded her $2000 in attorney fees,[1] whereas she sought, and seeks, an award of $10,301. After the

---

[1] During the pendency of the dissolution, Titan paid $1500 of Gina's provisional attorney fees. The dissolution order directed him to pay an additional $500, for total of $2000.

trial court entered the decree of dissolution, Gina submitted a motion to correct error with respect to the amount of the attorney fees Titan was required to pay. Gina claimed that the trial court erred in concluding that "this was not a complicated case" and in concluding that the amount she sought was "excessive considering all of the circumstances." *Appellant's Appendix* at 39. The trial court rejected this argument and denied the motion. Gina appeals the denial of her request for a larger award of attorney fees.

We note that Titan did not file an appellee's brief. When an appellee fails to submit a brief, we apply a less stringent standard of review with respect to the showing necessary to establish reversible error. *State v. Akins*, 824 N.E.2d 676 (Ind. 2005). In the absence of an answer brief from an appellee, we will not undertake the burden of developing legal arguments on the appellee's behalf and may reverse if the appellant establishes prima facie error, which is "error at first sight, on first appearance, or on the face of it." *Front Row Motors, LLC v. Jones,* 5 N.E.3d 753, 758 (Ind. 2014) (quoting *Santana v. Santana*, 708 N.E.2d 886, 887 (Ind. Ct. App. 1999)).

In dissolution proceedings, the trial court may order one party to pay a reasonable amount for the other's attorney fees. I.C. § 31-15-10; *Luttrell v. Luttrell*, 994 N.E.2d 298 (Ind. Ct. App. 2013), *trans. denied*. The decision to grant or deny attorney fees is left to the trial court's sound discretion. *Id.* The trial court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstances before it. *Id.*

> When determining whether an award of attorney fees is appropriate, the court may consider such factors as the resources of the parties, the relative earning ability of the parties, and other factors that bear on the reasonableness of the award. Additionally, the trial court may take into account any misconduct on the part of one party that causes the other party to directly incur additional

fees. When one party is in a superior position to pay fees over the other party, an award of attorney fees is proper.

*Bartlemay v. Witt*, 892 N.E.2d 219, 231 (Ind. Ct. App. 2008) (quoting *Van Wieren v. Van Wieren*, 858 N.E.2d 216, 224 (Ind. Ct. App. 2006)) (internal citation to authority omitted).

Although a trial court need not explain its order denying a request for attorney fees, *see Ratliff v. Ratliff*, 804 N.E.2d 237 (Ind. Ct. App. 2004), the trial court did so here. The court's rationale for awarding the amount it did, and thereby declining to award the far greater amount requested by Gina, was clearly explained in the following findings:

> 9. Considering the factors set forth [in] I.C. § 31-15-7-5, and all the evidence presented, Wife has failed to rebut the presumption of an equitable [sic] division of the marital property for the following reasons:
>
> a. The contribution of each spouse to the acquisition of the property. It is undisputed that most if not all of the marital property was acquired through the income generated by Husband. This would not support Wife's contention that an equal division is not just or reasonable.
>
> \* \* \* \* \*
>
> c. The economic circumstances of each spouse at the time the disposition of the property is to become effective. It is undisputed that the value of the marital property acquired during the marriage exceeds $139,000.00. There will be cash available for disbursement to both parties. After the disposition of the marital property, the economic situation of the parties will be similar. Husband will still be renting an apartment when he is working in Florida. He still plans to stay with friends and family when he returns to Indiana. As of the date of the final hearing, it was Wife's intent to return to Florida, where she would have to rent an apartment and pay her own living expenses.
>
> d. The conduct of the parties. Wife's contention, that Husband abandoned her when he brought her to Indiana and then filed for divorce, was not supported by the evidence. When the parties met, Wife lived in Naples, Florida and was employed. Husband's primary residence has always been Lake County, Indiana. He traveled to Naples, Florida for half the year to live and work. During the marriage, when Husband would return to

Indiana, Wife would remain in Florida or travel to Costa Rica to stay with family. It is undisputed that the first time Wife came to Indiana was with Husband, in September 2012.

There was conflicting evidence as to whether Wife chose to travel to Indiana with Husband, or whether she was forced to come to Indiana. Husband testified Wife chose to travel with him. He testified he had no intentions of filing for divorce until Wife became abusive after they arrived here in Indiana. Husband presented corroborative evidence, through his witness, of Wife's abusive behavior. Husband offered to send Wife back to Naples, Florida during the provisional period, but Wife refused to return to Florida. Wife has failed to show that Husband abandoned her. Wife has failed to show how any of this conduct would make an equitable [sic] division of the marital property unjust or unreasonable.

e.    The earnings or earning ability of the parties. There is a disparity between Husband [sic] and Wife's earnings. Husband earns approximately $80,000.00 per year. There was no evidence of Wife's income when she was employed. It is undisputed that, at the time of the final hearing, Wife was unemployed. Wife was employed in Naples, Florida, and was capable of supporting herself prior to the parties' marriage in 2008. Wife has a license from Costa Rica in cosmetology. Wife was in beauty school in Naples, Florida when the parties met. Wife completed her courses and Husband paid her educational expenses. Wife has no loans or obligations to repay for this educational training. As of the date of the final hearing Wife, although capable and able to, had not yet taken the steps necessary to become licensed or certified in the State of Florida.

16.    Pursuant to § 31-15-10-1, the Court may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending a dissolution of marriage, in order to provide access to an attorney to a party who would not otherwise be able to afford one. The factors the court may consider include:

a.    The present economic circumstances of both parties.

b.    The size of the marital estate, length of time necessary to obtain the desired result, an hourly rate of compensation, and the possibility of an appeal.

c.    The resources of both parties.

d.    The ability of both parties to engage in gainful employment and whether one party is in a superior position to pay fees over the other party.

e.    The earning capacities of both parties.

f.    Which party initiated the action.

g.    Misconduct that directly resulted in additional litigation expenses.

17.    The Court has already addressed the factors related to paragraphs a., c., d., and e., in paragraph 9 above. Those findings are incorporated herein. Further, it is undisputed that Husband was the only party gainfully employed when the petition was filed and throughout these proceedings. Husband had access to and control over all of the marital accounts. Husband was in a superior position to pay fees over wife.

The size of the marital estate to be equally divided between the parties is approximately $139,943.00. Of that amount, only $67,921.16 is available in cash, the balance is in the form of a retirement account and automobiles. Each party should receive approximately $33,960.58 in liquid funds. Husband initiated the litigation. There was no evidence that either party conducted themselves in a manner that directly resulted in additional litigation expenses.

The Court finds, without contribution from Husband, Wife would not have had the ability to pay for her own attorney fees without significantly impacting, or reducing her distributive share. Husband should be ordered to contribute to wife's reasonable attorney fees.

18.    The issue remains, what constitutes a reasonable attorney fee in light of the circumstances of this case. The Court notes that on December 4, 2012, Husband was ordered to pay provisional attorney fees of $1500 to Attorney Martinez. Husband has paid this amount. At final hearing attorney Martinez submitted his Affidavit of Fees on Wife's behalf. Wife requested that Husband contribute an additional $10,301.00 toward Wife's remaining attorney fees and costs.

Attorney Martinez indicated his hourly rate is $200.00 per hour. The Court finds this is within the standard and reasonable rate charged by attorneys in this state.

The Court finds that this was not a complicated case. There were no children of the marriage. The marriage was short in duration. The parties were able to work out the division of the personal property without court intervention. The parties stipulated to date of separation values and current values of the assets. The final hearing, after presentation of all the evidence and argument, took approximately two hours. An additional fee of $10,301.00 to represent Wife in this matter appears to be excessive considering all the circumstances. The Court finds it is reasonable for Father [sic] to contribute an additional $500 to Wife's necessary fees to prepare for and present her case.

*Appellant's Appendix* at 10-11, 15-16.

6

The foregoing reflects that the trial court determined that Titan was in a better financial position than Gina and therefore should contribute to her attorney fees. To that extent, the trial court agreed with Gina. The court obviously disagreed with her, however, on the question of what would be a reasonable amount to expend for attorney fees in this particular case. The court pointed out that there were no children of the marriage, which obviated the need to deal with the complicated and sometimes contentious matters of custody and support. The court also noted that the parties were able to reach an agreement with respect to the division of personal property, as well as to the valuation of the different components of their marital estate. What remained, as reflected above, was the question of whether the assets should be equally divided. Evidently, in the Court's view, that did not render this a "complicated" case. *Id.* at 16. Perhaps more to the point, the expenditure of time and effort that counsel claimed to have put into this case, as reflected in an Affidavit of Attorneys Fees and Affidavit of Additional Attorneys Fees submitted to the court in conjunction with Gina's request for fees, was not "reasonable" within the meaning of I.C. § 31-15-10-1.

Upon appeal, Gina challenges the trial court's determination that this was not a complicated case, and cites for support the affidavits that included a detailed itemization of her attorney's fees. According to Gina, "[t]he best evidence concerning [her] attorney fees were the Fee Affidavit and itemized billing admitted into evidence without objection in the final hearing of this matter and the affidavit of additional attorney fees and itemized billing attached thereto." *Appellant's Brie will f* at 15. Opining that if her claimed attorney fees were "were not reasonable and necessary, [Titan's] counsel would have objected to

the introduction into evidence" of those records, Gina continues that those records were the best evidence of the fees she incurred. *Id*. at 11.

This court does not question whether those were, in fact, the fees Gina incurred, nor does it appear that the trial court questioned that she was, in fact, billed consistent with the charges reflected on the affidavits filed by her attorney. That does not address, however, the basis of the trial court's decision, which was that those fees were unreasonably high in light of the nature of this case. As an attorney who is familiar with the litigation, a trial judge is uniquely qualified to determine what amount of attorney fees is reasonable in a particular case. *Cf. In re Marriage of Gray*, 422 N.E.2d 696, 703 (Ind. Ct. App. 1981) ("trial court may take judicial notice of what a reasonable attorney's fee would be, even absent any evidence in the record, because the trial court is familiar with the action and the amount of work which would be required"). We are hard-pressed to second-guess the trial court in this determination. From its vantage point, the trial court was better situated than we are to gauge such matters. In light of the considerable discretion afforded trial courts in determining whether to grant attorney fees and, if so, the amount of reasonable attorney fees, we conclude that Gina has failed to establish a prima facie case of error with respect to the trial court's award of attorney fees.

Judgment affirmed

KIRSCH, J., and CRONE, J., concur.