

**FILED**
Nov 10 2015, 10:14 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEYS FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Gregory F. Zoeller<br>Attorney General of Indiana | Steven C. Litz<br>Monrovia, Indiana |
| Chandra K. Hein<br>Deputy Attorney General<br>Indianapolis, Indiana | |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| State of Indiana,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Justin Bazan,<br>*Appellee-Defendant.* | November 10, 2015<br><br>Court of Appeals Cause No. 55A01-1506-CR-737<br><br>Appeal from the Morgan Circuit Court<br><br>The Honorable Matthew G. Hanson, Judge<br><br>Trial Court Cause No. 55C01-1502-F6-280 |

**Barnes, Judge.**

## Case Summary

[1]     In this interlocutory appeal, the State of Indiana appeals the trial court's grant
of a motion to dismiss filed by Justin Bazan regarding the charges of Level 6

felony operating a vehicle while intoxicated endangering a person with a prior conviction within five years and Level 6 felony operating a vehicle while intoxicated with a prior conviction within five years. We affirm.

## Issue

The State raises one issue, which we restate as whether the trial court properly granted Bazan's motion to dismiss.

## Facts

On May 20, 2014, Bazan was convicted of operating a motor vehicle while ability impaired in New York pursuant to New York Vehicle and Traffic Law Section 1192.1. On February 27, 2015, Bazan was charged in Indiana with: Count 1, Class A misdemeanor operating a vehicle while intoxicated endangering a person; Count II, Class C misdemeanor operating a vehicle while intoxicated; Count III, Class A misdemeanor resisting law enforcement; Count IV, Level 6 felony operating a vehicle while intoxicated endangering a person with a prior conviction within five years; and Count V, Level 6 felony operating a vehicle while intoxicated with a prior conviction within five years.

Bazan filed a motion to dismiss Count IV and Count V. He argued that his 2014 conviction in New York was not substantially similar to an Indiana offense for operating a vehicle while intoxicated and did not qualify as a previous conviction of operating while intoxicated. The trial court granted Bazan's motion. The State then filed a petition for certification of the order for

interlocutory appeal, which the trial court granted. We accepted jurisdiction pursuant to Indiana Appellate Rule 14(B).

## Analysis

[5] The State argues that the trial court erred by granting Bazan's motion to dismiss. The trial court dismissed two enhanced charges—Count IV, Level 6 felony operating a vehicle while intoxicated endangering a person with a prior conviction within five years, and Count V, Level 6 felony operating a vehicle while intoxicated with a prior conviction within five years—because it found that Bazan's 2014 conviction did not qualify as a previous conviction of operating while intoxicated to enhance the charges. "Abuse of discretion is the appropriate standard for appellate review of a trial court's decision to dismiss a charging information." *State v. Davis*, 898 N.E.2d 281, 285 (Ind. 2008). An abuse of discretion occurs only if a trial court's decision is clearly against the logic and effect of the facts and circumstances. *Pavlovich v. State*, 6 N.E.3d 969, 974 (Ind. Ct. App. 2014), *trans. denied*.

[6] The State contends that Bazan's 2014 conviction does qualify as a previous conviction of operating while intoxicated. Under Indiana Code Section 9-30-5-2(a), "a person who operates a vehicle while intoxicated commits a Class C misdemeanor." Under Indiana Code Section 9-30-5-2(b), a person who operates a vehicle while intoxicated "in a manner that endangers a person" commits a Class A misdemeanor. "Intoxicated" means under the influence of alcohol or certain other substances "so that there is an impaired condition of

thought and action and the loss of normal control of a person's faculties." Ind. Code § 9-13-2-86.

[7] Those charges may be enhanced to a Level 6 felony if "the person has a previous conviction of operating while intoxicated that occurred within the five (5) years immediately preceding the occurrence of the violation of [Indiana Code Section 9-30-5-2]." I.C. § 9-30-5-3(a)(1). A "previous conviction of operating while intoxicated" is defined as a previous conviction:

(1)    in Indiana of:

(A)    an alcohol related or drug related crime under Acts 1939, c.48, s.52, as amended, IC 9-4-1-54 (repealed September 1, 1983), or IC 9-11-2 (repealed July 1, 1991); or

(B)    a crime under IC 9-30-5-1 through IC 9-30-5-9; or

(2)    in any other jurisdiction in which the elements of the crime for which the conviction was entered are substantially similar to the elements of a crime described in IC 9-30-5-1 through IC 9-30-5-9.

I.C. § 9-13-2-130.  The issue here is whether Bazan's previous New York conviction is a conviction "in which the elements of the crime for which the conviction was entered are substantially similar to the elements of a crime described in IC 9-30-5-1 through IC 9-30-5-9." *Id.*

[8] Bazan had a prior conviction in New York for operating a vehicle while ability impaired. *See* N.Y. Vehicle and Traffic Law § 1192.1. The applicable statute provides: "No person shall operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol." *Id.* A prima facie case of this offense is established by demonstrating that the defendant operated a motor vehicle while his ability to do so was impaired by the consumption of alcohol. *People v. McDonald*, 811 N.Y.S.2d 492, 493 (N.Y. App. Div. 2006). "Conviction of [this] offense [does] not require proof of intoxication, but only that defendant's driving ability was impaired to any extent." *Id.* (alterations in original). New York also separately prohibits operating a motor vehicle while in an intoxicated state. *See* N.Y. Vehicle and Traffic Law § 1192.3. Under those statutes, the crime of driving while intoxicated requires a showing that the defendant "is incapable of employing the physical and mental abilities which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver." *People v. McNamara*, 704 N.Y.S.2d 100, 101 (N.Y. App. Div. 2000). The lesser offense of driving while impaired, however, requires only a showing that the defendant's ability to operate a vehicle was impaired to some extent. *Id.*

[9] The State argues that Bazan's New York conviction for operating a vehicle while ability impaired is substantially similar to an Indiana conviction for Class C misdemeanor operating a vehicle while intoxicated under Indiana Code Section 9-30-5-2(a). According to the State, both statutes require "a showing of impairment and define[] impairment based on similar facts." Appellant's Br. p.

8. Bazan argues that the statutes are not substantially similar because the New York statute does not require proof of intoxication; rather, it requires only an impairment.

[10]     In support of the State's argument, it relies on *State v. Akins*, 824 N.E.2d 676 (Ind. 2005). In *Akins*, the issue was whether a defendant's prior conviction in Michigan for operating a vehicle while being under the influence of an intoxicating liquor or having an alcohol content of 0.10 grams or more per 100 milliliters of blood qualified as a previous conviction of operating while intoxicated and could be used to enhance an Indiana charge for operating while intoxicated. Our supreme court concluded that the elements of the Michigan statute were substantially similar to the elements of the relevant Indiana statutes. Specifically, it found:

> little difference between Indiana's "impaired condition of thought and action and the loss of normal control" and Michigan's impaired control and mental clarity or driving ability that is "substantially and materially affected." The Michigan standard does not require a greater showing of impairment than that required by Indiana Code § 9-30-5-2(a). Though phrased somewhat differently, subsection (a) of the Michigan statute nevertheless describes elements that are substantially similar to those in subsection 2(a) of the Indiana statute.

*Akins*, 824 N.E.2d at 678-79. Additionally, when discussing the similarity of the alcohol content portions of the statutes, the court held that "[v]iolation of the Michigan standard required a degree of intoxication greater than that under the Indiana statute, and thus the elements of subsection (b) of the Michigan

statute are substantially similar to those in subsection 1(a) of the Indiana statute." *Id.* at 679. Thus, the court concluded that the defendant had a previous conviction of operating while intoxicated within the past five years in a jurisdiction in which the elements of the crime were substantially similar to the elements of a crime described in Indiana Code Sections 9-30-5-1 through 9-30-5-9. *Id.*

[11] We conclude that, unlike in *Akins*, the New York statute here is not substantially similar to the elements of a crime described in Indiana Code Sections 9-30-5-1 through 9-30-5-9. The New York statute under which Bazan was convicted requires only some extent of impairment due to the consumption of alcohol. On the other hand, Indiana Code Section 9-30-5-2(a), upon which the State relies, requires a showing of an impaired condition of thought and action and the loss of normal control of a person's faculties. The Indiana statute requires a greater showing of impairment than the New York statute. The two statutes have markedly different thresholds for establishing a violation. Consequently, the two statutes are not substantially similar, and we conclude that the trial court properly dismissed the enhanced charges in this case.

## Conclusion

[12] The trial court properly granted Bazan's motion to dismiss. We affirm.

[13] Affirmed.

[14] Kirsch, J., and Najam, J., concur.